## BUCK et al. v. KEENAN et al.
### No. 69.

District Court, D. Rhode Island.
Jan. 29, 1941.

Francis I. McCanna, of Providence, R. I., for plaintiffs.

Christopher Del Sesto, of Providence, R. I., for defendants.

HARTIGAN, District Judge.

The defendants have filed their motion for a more definite statement and bill of particulars. The complaint is in four counts and alleges infringements of certain copyrights by the defendants who gave public performances for profit of certain musical compositions of the plaintiffs without their knowledge or consent.

The defendants allege thirteen specific grounds wherein they assert the complaint is defective.

The validity and sufficiency of such complaint has repeatedly been upheld by this and other district courts in many reported cases.

Their requests for a bill of particulars consist of eighty-nine paragraphs, some of which contain as many as thirteen separate requests. Many of the particulars sought pertain to the organization and operation of the American Society of Composers, Authors and Publishers and are in the nature of interrogatories.

In American La France-Foamite Corp. v. American Oil Co., D.C.Mass.1939, 25 F.Supp. 386, on page 387, it was said: "There should be a marked difference between information that can be elicited under a bill of particulars and that which may be elicited through interrogatories. The latter, under the new rules, is very broad. The former should be limited to such information as would be necessary for the defendant to prepare its pleadings, and generally prepare for trial."

At the hearing the defendants waived many of their requests and admitted that the complaint is averred with sufficient definiteness in law, but they stated that they "believe that that association is an illegal association both under the statutes of the United States and under the common law and consequently that it has no standing in this court. In setting up this defense, the defendants are handicapped,

however, by lack of details with respect to the association which are contained in the plaintiffs' complaint."

Rule 12(e) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides in part as follows: "Before responding to a pleading or, if no responsive pleading is permitted by these rules, within 20 days after the service of the pleading upon him, a party may move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial. The motion shall point out the defects complained of and the details desired. * * * A bill of particulars becomes a part of the pleading which it supplements."

In Hughes Federal Practice, Vol. 17, § 20400, at p. 464, it is stated: "Where the pleading is sufficiently definite to enable the adverse party to understand the nature and extent of the charges against him and to enable him to prepare generally for trial, if he wishes to secure more detailed information as to how the pleading party intends to prove his allegations he should not be permitted to utilize the motion for a more definite statement and bill of particulars, but should be compelled to look to the procedure for discovery under the new rules, which provide for obtaining such details."

The defendants, at the hearing on their motion, having admitted the sufficiency of the averments of the complaint, I deem it necessary to deny their motion.