## S. K. WELLMAN CO. v. MECHANICS EDUCATIONAL SOC. OF AMERICA et al.

Civ. No. 26087.

United States District Court
N. D. Ohio, E. D.

May 20, 1949.

Maurice F. Hanning, James R. Tritschler, Cleveland, Ohio, for plaintiff.

Jack G. Day, Cleveland, Ohio, for defendants.

JONES, Chief Judge.

This is an action under 29 U.S.C.A. c. 7, § 141 et seq., The Labor-Management Relations Act, for alleged breach of contract by the defendant labor unions. In particular, it is alleged that defendants breached that part of their contract or contracts with plaintiff wherein they agreed "not to strike, sit down, slow down or stop work or cause the employees of the Company to do so."

Defendants have filed a "motion to strike and for a bill of particulars."

Defendants ask that certain portions of the complaint relating to matters leading up to the alleged breach of contract be strick-en. Plaintiff claims that it discharged a certain employee for cause, setting forth the acts of misconduct of the employee. It is then alleged that certain of defendants' officers demanded that the employee be reinstated; that the defendants rejected plaintiff's offers of arbitration, that defendants' officers threatened to call a strike unless the employee was reinstated and that, finally, a strike was called.

Defendants seek to have stricken the portion of paragraph 10 of the complaint stating the alleged violations of working rules by the discharged employee, the second sentence of paragraph 13 which alleges that a certain officer of defendants rejected proposals of arbitration and threatened to call a strike, and the second sentence of paragraph 16 alleging that an officer of defendants refused to call off the strike, "threatened the Company with bankruptcy" and announced that he was leaving for a five-week vacation and would not be available for any discussion of settlement. Defendants urge that the foregoing allegations are impertinent and immaterial to the cause of action for breach of contract and are prejudicial to the defendants.

Since this is an action for damages for breach of contract, allegations as to defendants' threats, or refusals to arbitrate are not material to the issues. It makes no difference in a court of law whether a party breaches a contract politely and reluctantly or rudely and arbitrarily. In either case the questions of liability and damages is the same. The matter sought to be stricken does nothing more than cast defendants in an unfavorable light without being necessary to a statement of the cause of action. For this reason, the matter challenged, in addition to being immaterial, is prejudicial to defendants and will be stricken.

1. Defendants ask for a bill of particulars as to the plaintiff's allegations of damages arising out of the strike. In particular, defendants ask the names of plaintiff's customers with whom it has contracts to supply its products, the profits contemplated by such contracts, the names of the customers who had, prior to the strike, purchased all of certain types of goods from plaintiff and the profits lost by their cancellations of

208

orders and "the details of the computation" in the alleged loss to plaintiff of $518,000.

Since rule 12(e), Federal Rules of Civil Procedure, 28 U.S.C.A., no longer authorizes bills of particulars, the motion will be treated as one for a more definite statement.

From reading the allegations of damages in paragraphs 17, 18 and 19 of the complaint, and in view of many recent holdings of this court on similar motions, the petition is not so vague and ambiguous that the defendants should be unable to file a responsive pleading. The matter sought by this branch of their motion is primarily evidential and is thus of the same nature as the matter which defendants have heretofore asked to be stricken.

2. Motion overruled.