**UNITED STATES of America, By Ramsey CLARK, Attorney General, Plaintiff,**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL NO. 683, Defendant.**

Civ. A. 67–101.

United States District Court
S. D. Ohio, E. D.
June 16, 1967.

Robert M. Draper, U. S. Atty., Columbus, Ohio, for plaintiff.

N. Victor Goodman, Columbus, Ohio, for defendant.

## ORDER

KINNEARY, District Judge.

This matter is before the Court on defendant's motion:

    a) To dismiss the complaint for lack of jurisdiction; and

    b) For a more definite statement.

These motions and the supporting and contra memoranda have been well considered.

### *Motion to Dismiss*

The bases offered in support of this motion are:

1. Plaintiff's failure to allege that the Attorney General has "reasonable cause to believe" that defendant is engaged in a "pattern or practice of resistance to the full enjoyment of" rights described in Title VII of the 1964 Civil Rights Act, Title 42, United States Code, Section 2000e et seq., as required by Title 42, United States Code, Section 2000e–6(a).

2. Plaintiff's failure to set forth "facts pertaining to such pattern or practice" as is required by Section 2000e–6(a);

3. The relief sought would require defendant to grant preferential treatment to a group of persons because of race, in violation of Title 42, United States Code, Section 2000e–2(j); and

4. The relief sought goes beyond the confines of the Act.

    Section 2000e–6(a), which sets out the matter to be contained in a complaint filed under that provision of the 1964 Civil Rights Act, lays down no re-

quirement that the Attorney General expressly plead "reasonable cause to believe." United States v. Building and Construction Trades Council, E.D.Mo., 271 F.Supp. 447, July 26, 1966.

■ Dismissal of a complaint because of the failure to use so-called "magic words" would be wholly contrary to the liberal pleading provisions of the Federal Rules of Civil Procedure. In addition, under the provisions of Rule 11, Federal Rules of Civil Procedure, a signature on a complaint, such as appears here, constitutes a certification that there is good ground to support the matters contained in the complaint.

■ The second basis offered in support of this motion is equally unavailing. As pointed out by the Court in United States v. St. Louis Building and Trades Council, supra, there is

nothing in the language of the statute to indicate an intention to alter established rules of pleading. The prime requirement is still notice. * * *

■ Paragraph 7 of the complaint sets out some of the ways in which defendant has acted which serve to constitute a practice intended to deny persons—specifically herein Negroes—the full exercise of rights described in the 1964 Civil Rights Act. The practice of discrimination is alleged in the form of facts of defendant's dealings with Negro workers generally. What plaintiff has not done is to make allegations of how defendant has acted toward specific Negroes. Contrary to the assertions of defendant, the Civil Rules do not require a plaintiff to plead evidence. Paul M. Harrod Co. v. A. B. Dick Co., 204 F. Supp. 580 (N.D.Ohio 1962). We cannot assume that Congress intended to engraft formerly used laborious pleading-concepts on the "notice" requirements of the Rules, nor can we assume that Congress intended to require plaintiff to set out his entire case in the complaint rather than await the trial. In this complaint, sufficient facts as to defendant's "pattern or practice" have been alleged so that defendant has notice of the contentions it need meet in the lawsuit.

■ The third and fourth grounds asserted in support of this motion are likewise without merit. There is nothing in the prayer of the complaint which asks for preferential treatment of Negroes. The prayer of the complaint, in keeping with the policies of Act, merely seeks equality of treatment for all. The object of this lawsuit is to secure "better" rather than "preferential" treatment of Negro workers so that their treatment will be on a par with non-Negro workers. Thus, it cannot be said that the prayer seeks a remedy exceeding the confines of the Act.

Whereupon, the Court determines that this branch of the motion is without merit, and therefore, it is denied.

*Motion for More Definite Statement*

This motion attacks paragraph 7 of the complaint in its various subsections. Defendant here seeks further specific factual substantiation of the matters set forth therein.

■■ The Court recognizes that counsel know that a motion for a more definite statement is properly made only if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party is not reasonably able to frame a responsive pleading. In order to secure the just, speedy, and inexpensive determination of every action, the Federal Rules of Civil Procedure employ the "notice" pleading concept. The simplicity and brevity of statement contemplated by the Rules is indicated by the forms appended thereto.

■ Here the essential requirement and function of notice pleading has been met. The movant has been generally informed of the nature of the action. He can reasonably be required to frame a response. Additional information can be secured by use of the liberal discovery provision of the Rules.

Whereupon, the Court determines that this branch of the motion is without merit, and therefore it is denied.