UNITED STATES of America,
by Ramsey CLARK, Attorney General

v.

GEORGIA POWER COMPANY, a corporation, Local Union No. 822, Athens, Local Union No. 84, Atlanta, Local Union No. 923, Augusta, Local Union No. 780, Columbus, Local Union No. 896, Macon, Local Union No. 847, Rome, Local Union No. 511, Valdosta, of the International Brotherhood of Electrical Workers, all unincorporated associations.

No. 12355.

United States District Court
N. D. Georgia,
Atlanta Division.

May 16, 1969.

Ramsey Clark, Atty. Gen., Stephen J. Pollak, Asst. Atty. Gen., Frank M. Dunbaugh, John A. Bleveans, Attys., Department of Justice, Washington, D. C. Charles L. Goodson, U. S. Atty., Atlanta, Ga., for plaintiff.

William B. Paul, Atlanta, Ga., for Georgia Power Co.

Robert L. Mitchell, Atlanta, Ga., for all other defendants.

### ORDER

ALBERT J. HENDERSON, Jr., District Judge.

This matter is before the court on motions filed by the defendants. Both the Georgia Power Company (the Company) and various locals of the International Brotherhood of Electrical Workers (the Unions) have moved to dismiss the complaint, or, in the alternative, for a more definite statement. In addition, the Company has moved for an indefinite stay of all proceedings in this action, and has objected to interrogatories submitted by the plaintiff.

Suit has been brought by the Attorney General under Title VII of the Civil Rights Act of 1964; more specifically, pursuant to 42 U.S.C.A. § 2000e–6(a), which provides:

"(a) Whenever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights secured by this subchapter, and that the pattern or practice is of such a nature and is intended to deny the full exercise of the rights herein described, the Attorney General may bring a civil action in the appropriate district court of the United States by filing with it a complaint (1) signed by him (or in his absence the Acting Attorney General), (2) setting forth facts pertaining to such pattern or practice, and (3) requesting such relief, including an application for a permanent or temporary injunction, restraining order or other order against the person or persons responsible for such pattern or practice, as he deems necessary to insure the full enjoyment of the rights herein described."

According to the Attorney General, the Company and the Unions have engaged in a pattern or practice of resistance to the full enjoyment of rights secured by Title VII in the following manner:

"7. The company is engaged in acts and practices that limit, segregate, classify, or otherwise discriminate against its Negro employees in ways that deprive or tend to deprive them of employment opportunities or adversely affect their status as employees because of their race. These acts and practices include the following:

a. The company maintains a racially segregated, dual system of jobs and lines of progression.

b. The company considers only white people for better paying jobs and for jobs offering the most opportunities for training and advancement and refuses to consider Negroes for those

jobs, but considers Negroes only for the lowest paying jobs and the jobs that offer the least opportunity for training and advancement.

c. Negroes who seek to be considered for jobs traditionally held only by white employees are subjected to requirements that have not been imposed on white employees whom the company has assigned to those jobs.

d. Negro employees who are performing jobs that are essentially similar to jobs performed by white employees are given fewer opportunities for advancement, are given less opportunity for training essential to obtain higher paying jobs and are prevented from receiving training in skills essential in certain higher paying jobs.

e. Negro employees who are performing jobs that are essentially similar to jobs performed by white employees, and who seek to obtain the same advancement opportunity that is available to those white employees, are required:

(a) To transfer to a new line of progression without receiving credit in the new line of progression for seniority previously earned, and

(b) To lose seniority previously earned in their present line of progression.

f. The company traditionally has assigned only white pesrons to apprentice jobs and has refused to assign Negroes to apprentice jobs of linemen, mechanic, electrician, cable splicer, forester, and trouble dispatcher.

g. The company maintains racially segregated comfort facilities.

8. The defendant unions are collective bargaining representatives of employees of the company. All of the unions have entered into a single collective bargaining agreement with the defendant company. The agreement contains provisions which discriminate against Negro employees because of their race and perpetuate the effects of the discriminatory acts and practices of the company as described in paragraph 7."

## MOTIONS TO DISMISS

Defendant Unions' motion to dismiss is based on three grounds:

1. The complaint fails to set forth a claim against the Unions upon which relief can be granted.

2. The plaintiff does not affirmatively allege that the employees exhausted their contractual remedies under the grievance and arbitration provisions of the collective bargaining contract between the Unions and the Company.

3. The Labor-Management Relations Act, as amended, preempts the jurisdiction of this court and that of the Equal Employment Opportunity Commission, placing exclusive jurisdiction in the National Labor Relations Board.

The Unions' first challenge is to the sufficiency of the complaint pursuant to Rule 12(b) (6), Fed.R.Civ.P. Such motion has the effect of admitting the validity and existence of the claim as stated, but contests plaintiff's right to recover under the law. Laimer v. State Mutual Life Ins. Co., 108 F.2d 302, 305 (8th Cir. 1940). On motion to dismiss, the complaint is to be construed in the light most favorable to the plaintiff. The complaint alleges that the Unions have entered into a collective bargaining agreement with the Company which contains provisions discriminating against Negro employees because of their race and perpetuates the effects of the discriminating acts and practices of the Company. If plaintiff is able to establish facts proving this allegation, the Unions are in violation of 42 U.S.C.A. § 2000e–2(c), and plaintiff is entitled to relief. Since the complaint should not be dismissed for failure to state a claim unless it is beyond doubt that plaintiff can prove no set of facts entitling it to relief, defendant Unions' first ground is without merit. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80, (1957).

■ Equally unavailing is Unions' second ground for dismissal. The doctrine of exhaustion of contractual remedies is inapplicable to suits brought by the Attorney General under § 2000e–6 (a). That section lists the jurisdictional prerequisites for bringing a pattern and practice suit, and exhaustion of contractual remedies is not among them. As pointed out in King v. Georgia Power Company, 295 F.Supp. 943 (N.D.Ga., filed Aug. 13, 1968), where plaintiff asserts a statutory right against racial discrimination in employment, under the Civil Rights Act of 1964, rather than a contractual right, plaintiff need only follow the procedures for relief provided in that statute. While *King* holds that an individual complainant in a Title VII case need not exhaust his contractual remedies before suing under § 2000e–5, by analogy, the Attorney General, who is not a party to the collective bargaining agreement, must similiarly be free of this requirement.

■■ The third ground for dismissal offered by the Unions, that the Labor-Management Relations Act, as amended, has preempted the jurisdiction of this court, is without foundation. By enacting Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, Congress demonstrated its clear intention that problems of racial discrimination in employment were not within the exclusive jurisdiction of the National Labor Relations Board. This argument by the Unions has previously been rejected in this court in the *King* case.

Defendant Unions' motion to dismiss is denied.

The Company's motion to dismiss is based on the following four arguments:

1. The complaint fails to comply with the pleading requirements of § 2000a–5(a).

2. The complaint for injunctive relief fails to set forth with sufficient specificity the alleged act or acts to be enjoined.

3. The relief sought is prohibited by the Federal Rules of Civil Procedure and is not authorized by § 2000e–6(a).

4. The complaint fails to state a claim upon which relief can be granted.

■ The main contention by the Company is that the complaint fails to set forth "facts pertaining to such pattern or practice" as required by the statute, instead setting forth merely conclusionary averments. Essentially, the Company argues that § 2000e–6(a) requires more than the notice pleading envisaged by Rule 8 of the Federal Rules of Civil Procedure. That is, a pattern or practice suit must be pleaded in a manner different from the normal federal complaint. In support of its view, the Company calls attention to the legislative history of the provision and cites United States v. H. K. Porter Company, Inc., Civil Action No. 67–363 (N. D.Ala. July 28, 1967).

This court disagrees with the view advocated by the Company. The better view was stated in United States v. Building and Construction Trades Council of St. Louis, AFL-CIO, et al., 271 F. Supp. 447 (E.D.Mo., 1966). Denying the defendant's motion to dismiss on the ground the complaint did not set forth facts pertaining to such pattern or practice as required in § 2000e–6(a), the court, at page 452, stated:

"Concerning the required allegation of facts, we find nothing in the language of the statute to indicate an intention to alter established rules of pleading. The prime requirement is still notice, and the present complaint is more than adequate in this regard. Established courses of discovery are available to allow the defendants to determine the precise details of the alleged 'pattern or practice'."

In United States by Clark v. International Brotherhood of Electrical Workers, Local No. 683, 270 F.Supp. 233 (D. C.Ohio 1967), the court rules Congress did not intend to engraft former laborious pleading concepts on the notice re-

quirements of the Federal Rules or to require a plaintiff to set out his entire case in the complaint rather than awaiting trial, by enacting this section setting out the matter to be contained in the complaint. Paragraph 7 of the complaint, quoted on pages 2 and 3 of this order, gives adequate notice to the Company of the charges against it, and is in compliance with the requirements of § 2000a–6(a). Therefore, dismissal is not warranted on the first ground urged by the Company.

■ The second basis for dismissing the complaint is that it fails to set forth with sufficient specificity the alleged act or acts to be enjoined or restrained. Rule 65(d), Fed.R.Civ.P., is cited by the Company in support of this position.

This argument by the Company does not justify a dismissal. Rule 65(d), as indicated by its title, refers to the form of an injunction or a restraining order, and is silent as to the specificity required in the complaint's request for injunction. Rule 8 of the Federal Rules of Civil Procedure requires the complaint to contain a demand for judgment for the relief to which the plaintiff deems himself entitled. Section 2000e–6(a) authorizes the Attorney General to request in his complaint "such relief, including an application for a permanent or temporary injunction, restraining order or other order against the person or persons responsible for such pattern or practice, as he deems necessary to insure the full enjoyment of the rights herein described." In the present complaint the relief prayed for is sufficiently specific and is authorized by Section 2000e–6(a).

■ The company next contends that the relief sought, that defendants be enjoined from "engaging in any racially discriminatory employment practice", is prohibited by the Federal Rules of Civil Procedure and is not authorized by the statute. It is alleged that plaintiff is seeking a general injunction which sweeps even beyond the limits of a general mandate "not to violate the Act" which is clearly forbidden by Fed. R.Civ.P. 65.

The Attorney General is authorized by the Act to request such relief, including an injunction, as he deems necessary to insure the full enjoyment of the rights described in § 2000e–2. "In formulating relief from such practices the courts are not limited to simply parroting the Act's prohibitions but are permitted, if not required, to 'order such affirmative action as may be appropriate'." Local 53 v. Vogler et al., 407 F.2d 1047 (5th Cir. Jan. 15, 1969). Plaintiff follows his request for an injunction against "any racially discriminatory employment practices" with a specific list of alleged discriminatory practices of the Company. This is sufficient to overcome the Company's objections. Certainly the request for relief does not entitle defendant to a dismissal of the complaint.

■ The last argument for dismissal, failure to state a claim for relief, is without merit. No attempt was made in the Company's brief to pursue this claim. If all the allegations in the complaint are true, the Company is in violation of Title VII of the Civil Rights Act of 1964, and plaintiff is entitled to relief.

Defendant Company's motion to dismiss is denied.

## MOTIONS FOR MORE DEFINITE STATEMENT

■ The Company and the Unions have made motions for a more definite statement of the complaint. Defendants claim plaintiff has plead only generalized conclusions, and not specific facts, so that they are unable to frame responsive pleadings.

A motion for a more definite statement is properly made only if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party is not reasonably able to frame a responsive pleading. Rule 12(e), Fed. R.Civ.P. The Federal Rules employ the notice pleading concept to secure the just, speedy, and inexpensive determina-

tion of every action. Because of this, motions for a more definite statement are not favored:

> "Motions to strike and motions for a more definite statement are not generally favored in current Federal practice, in view of the availability of a variety of pretrial discovery procedures and are rarely granted." Shore v. Cornell Dubilier Electric Corp., 33 F.R.D. 5 (D.Mass., 1963).

Paragraphs 7 and 8 of the complaint, quoted on pages 2 and 3 of this order, contain the charges against the defendants. The Company is alleged, in general, to have engaged in acts and practices that limit, segregate, and classify its Negro employees in a discriminatory manner, in violation of § 2000e–2(a). Following this general allegation is a list of seven practices that violate Title VII of the Act. The Unions, all of which have entered a single collective bargaining agreement with the Company, are charged with a violation because that agreement contains provisions which discriminate against Negro employees and perpetuate the Company's discriminatory policies.

This complaint fulfills the notice requirement of the Federal pleading rules. It is the court's view that defendants have been adequately informed on the basic charges against them, so that they are able to frame responsive pleadings. The court strongly believes that any additional information defendants need should be sought through the discovery provisions of the Rules. Rule 12(e) is not designed to frustrate the concept of notice pleading. Similar Motions for more definite statement in § 2000e–6(a) cases have been rejected in the past. United States v. Building and Construction Trades Council of St. Louis, 271 F. Supp. 447 (E.D.Mo., 1966); and United States by Clark v. International Brotherhood of Electrical Workers, Local No. 683, 270 F.Supp. 233 (S.D.Ohio E.D., 1967.)

The motions for more definite statement urged by the Company and the Unions are denied.

## MOTIONS TO STAY ALL PROCEEDINGS

■ Defendant, Georgia Power Company, has moved for an indefinite stay of all proceedings in order that it may solicit from plaintiff the specific facts allegedly constituting a "pattern or practice" of discrimination with a view toward possible voluntary disposition of this action. Defendant argues this is reasonable because the basic philosophy of Title VII of the Civil Rights Act of 1964 is that voluntary conciliation of alleged claims is preferable to litigation of such claims. Here, defendant asserts it was given no notice of any alleged pattern or practice of discrimination prior to the filing of the complaint.

While § 2000e–5, involving charges brought by individuals, contains provision for "informal methods of conference, conciliation, and persuasion", section 2000e–6, concerning civil actions brought by the Attorney General, fails to mention these devices. In fact, Section 2000e–6(b) expressly commands the judge "to cause the case to be in every way expedited". As the plaintiff indicates in his brief, joint endeavors to voluntarily dispose of this action can proceed without placing it on the inactive docket.

In view of the foregoing, the motion to stay is denied.

## OBJECTIONS TO INTERROGATORIES

■ The Company has filed a blanket objection to the interrogatories submitted by the plaintiff. Because of our disposition of defendants' prior motions, the only material objection here concerns the relevancy of the interrogatories. Each of the interrogatories, according to the Company, seeks to make confidential business information part of the public record.

Rule 33, Fed.R.Civ.P., provides that interrogatories may relate to any matter, not privileged, which is relevant to the subject matter involved in the pending action. Here the information sought relates to the geographic area

served by the Company, the places where the Company's employees work, the names of other collective bargaining representatives, the location of contract documents governing the terms and conditions of employment, the jobs covered by collective bargaining agreements, the types and locations of documents used by the Company for record keeping purposes, and the form in which the Company's records are kept. These matters are relevant to plaintiff's attempt to establish a Company pattern or practice resisting the rights guaranteed its Negro employees under Title VII. While it does not appear that the plaintiff seeks confidential business information, if justice should require, Rule 33 allows the court, on motion of the interrogated party, to make an appropriate protective order.

The objections to the interrogatories are overruled and the Company is required to answer them fully.