James D. **HODGSON**, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

**ORSON E. COE PONTIAC, INC.,** a corporation, Defendant.

Civ. A. No. G–127–71.

United States District Court, W. D. Michigan, S. D.

Nov. 9, 1971.

Ruth Hart Stromberg, U. S. Department of Labor, Cleveland, Ohio, for plaintiff.

O'Connor, McNamara & O'Keeffe, Rex P. O'Connor, of counsel, Ionia, Mich., for defendant.

**ORDER**

FOX, Chief Judge.

On May 26, 1971, plaintiff filed this action to enjoin defendant from violating the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, 29 U. S.C. § 201 et seq.).

On June 14, 1971, defendant filed a demand for a jury trial. On June 18, 1971, plaintiff filed a motion to deny,

**134**

dismiss and vacate the demand for jury trial.

On June 14, 1971, defendant filed a motion for a more definite statement. On June 18, 1971, plaintiff filed a motion in opposition to this motion of the defendant.

■ Defendant's motion for a jury trial is denied, and plaintiff's motion to deny, dismiss and vacate the demand for jury is granted.

This is an action under Section 17 of the Fair Labor Standards Act (Act of June 25, 1938, c. 676, 52 Stat. 1060, as amended by 63 Stat. 910 and 75 Stat. 65; 29 U.S.C. § 201 et seq.), which confers upon district courts, for cause shown, authority to restrain violations of Section 15, including in the case of violations of Section 15(a) (2), the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under the Act. Thus, the action seeks to enjoin defendant from violating the minimum wage and overtime compensation provisions of the Act.

This is an equity action and equity takes jurisdiction of all of the relevant issues in dispute. Clearly a jury trial is not available to the defendant in this action.

■■ Likewise, the plaintiff's complaint is adequate to advise the defendant of the nature of the action pending against it, and under Rule 12(e) of the Federal Rules of Civil Procedure a motion for a more definite statement should be granted only if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Schaedler v. Reading Eagle Publication, Inc., 370 F.2d 795, 797 (CA 3, 1967). Likewise, the motion cannot be used as a substitute for discovery and deposition procedures made available in the Federal Rules of Civil Procedure. Mitchell v. E–Z Way Towers, Inc., 269 F.2d 126 (CA 5, 1959); Samuel Goldwyn, Inc. v. United Artists

Corp., 35 F.Supp. 633 (S.D.N.Y.1940); United States v. Cotton Valley Operators Committee, 77 F.Supp. 409, 411 (W.D. La.1948), affd. 339 U.S. 940, 70 S.Ct. 793, 94 L.Ed. 1356 (1950); S. K. Wellman Co. v. Mechanics Educational Society, 9 F.R.D. 206 (N.D. Ohio 1949); Moore's Federal Practice, para. 12.01, p. 2215, and para. 12.17, p. 2278 et seq.; Thompson-Starret v. Chicago Housing Authority, 3 F.R.D. 68 (N.D.Ill., 1942).

Defendant's motion for a more definite statement is hereby denied.

It is so ordered.