**W. J. USERY, Jr., Secretary of Labor, United States Department of Labor, Plaintiff,**

**v.**

**LOCAL 886, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN, AND HELPERS OF AMERICA, Defendant.**

**No. CIV–76–0603–D.**

United States District Court, W. D. Oklahoma.

Nov. 15, 1976.

Rex E. Lee, Asst. Atty. Gen., David J. Anderson, Chief, Gen. Litigation Sec., Washington, D. C., Susie Pritchett, Asst. U. S. Atty., Oklahoma City, Okl., George K. Weber, Atty., Dallas, Tex., for plaintiff.

George J. McCaffrey, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff brings this civil action pursuant to the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 401 et seq. This Court has original jurisdiction of the matter under 28 U.S.C. § 1345.

The Complaint charges that in an election of union officers held on December 1–6, 1975, Defendant violated Title IV of said

Act, 29 U.S.C. § 481 through § 483. These provisions govern the election of officers of a national or international labor organization. Plaintiff alleges that Defendant violated 29 U.S.C. § 481(c) by authorizing the distribution by mail of campaign literature on behalf of certain candidates while failing to authorize similar distribution on behalf of other bona fide candidates. Plaintiff contends Defendant also violated 29 U.S.C. § 481(c) by failing to provide adequate safeguards to insure a fair election by Defendant's not complying with post office requirements for prepaid mail on the envelopes in which members were to return the ballots and by Defendant permitting business agents to campaign in the polling area. Plaintiff alleges that Defendant violated 29 U.S.C. § 481(g) by expending moneys Defendant received by way of dues, assessment or similar levy to promote the candidacy of certain persons in the election. Plaintiff prays for judgment declaring the December, 1975 election null and void and directing the Defendant to conduct a new election for all officers under the supervision of Plaintiff.

Pursuant to Rule 12(e), Federal Rules of Civil Procedure, Defendant has filed a Motion for More Definite Statement. Said Motion is supported by a Brief and Plaintiff has filed a Response to said Motion.

Defendant's Motion requests that Plaintiff be ordered to furnish Defendant with a more definite statement with respect to Plaintiff's allegations that Defendant expended moneys to promote the candidacy of certain persons in the election. Defendant wants Plaintiff to furnish the identities of the individuals that allegedly expended the moneys improperly, the source and nature of the alleged misuse of funds, the manner in which funds were allegedly used to improperly promote candidates, and the identity of the candidates who allegedly received improper promotion.

Rule 12(e), Federal Rules of Civil Procedure, provides in part:

". . . If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading . . ."

■■■ A Motion for More Definite Statement is to be granted only if the pleading is so vague that Defendant cannot be required to frame a responsive pleading. *Schaedler v. Reading Eagle Publication, Inc.,* 370 F.2d 795 (Third Cir. 1967); *Hodgson v. Orson E. Coe Pontiac, Inc.,* 55 F.R.D. 133 (W.D.Mich. 1971). If Plaintiff's claim in the Complaint is sufficiently definite to enable the Defendant to know what is charged, it is sufficiently definite to overcome a Rule 12(e) Motion as the Defendant is reasonably able to respond, knowing whether or not it did the things charged. *Dennis v. Begley Drug Co. of Tennessee, Inc.,* 53 F.R.D. 608 (E.D. Tenn.1971). In general, a Motion for More Definite Statement is not favored, and is rarely granted in view of the availability of the variety of pretrial discovery procedures. *United States v. Metro Development Corp.,* 61 F.R.D. 83 (N.D.Ga.1973); *United States v. Georgia Power Co.,* 301 F.Supp. 538 (N.D. Ga.1969); *Shore v. Cornell-Dubilier Electric Corp.,* 33 F.R.D. 5 (D.Mass.1963). The Motion may not be used as a substitute for the discovery and deposition procedures made available by the Federal Rules of Civil Procedure. *Mitchell v. E–Z Way Towers, Inc.,* 269 F.2d 126 (Fifth Cir. 1959); *Hodgson v. Orson E. Coe Pontiac, Inc., supra*; *Oresman v. G. D. Searle & Co.,* 321 F.Supp. 449 (D.R.I.1971).

■ The Court finds and concludes that the Complaint filed herein is sufficiently definite and certain to withstand Defendant's Motion for More Definite Statement. The type of information Defendant wants included in the Complaint is more appropriately developed in the discovery stages of litigation. Defendant may easily obtain the desired information by the use of simple interrogatories. Accordingly, Defendant's Motion for More Definite Statement should be overruled.

Defendant is directed to Answer the Complaint within twenty (20) days from this date.