Jerome I. FELDMAN and Martin W. Pollack, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

PIONEER PETROLEUM, INC., Frontier Corporation, the Estate of William D. Bradford, John H. Burgher, Fidelity Bank, N.A., Fidelity Bank, N.A. and Alice June Harris, in their representative capacities as co-executors of the Estate of Grady D. Harris, Jr., Deceased, Arthur Young & Company, James L. Houghton, and Walker, Lawrence & Walker, Defendants.

No. CIV-77-0012-D.

United States District Court, W. D. Oklahoma.

Aug. 3, 1977.

Edward Labaton, New York City, R. C. Jopling, Jr., Oklahoma City, Okl., for plaintiffs.

B. Hayden Crawford, Robert L. Bainbridge, Tulsa, Okl., Silberfeld, Danziger & Bangser, New York City, for defendants Frontier Corp. and John H. Burgher.

ORDER

DAUGHERTY, Chief Judge.

Plaintiffs herein allege that this case is a class action arising out of the sale of certain limited partnership interests in the develop-

ment of specified petroleum leases and seek recovery for Defendants' alleged violations of the Securities Act of 1933, 15 U.S.C. §§ 77a et seq., and the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a et seq.; and for common law fraud, deceit and unjust enrichment. It is asserted that this Court has subject matter jurisdiction under 15 U.S.C. § 77v [1] and § 78aa [2] and under the doctrine of pendent jurisdiction.

Pursuant to Rule 12(e), Federal Rules of Civil Procedure, Defendants John H. Burgher (Burgher) and Frontier Corporation (Frontier) have filed a Motion for More Definite Statement and Brief in support thereof wherein said Defendants seek a more definite statement as to the amount in controversy with respect to the claim of each class member in this action. Defendants Burgher and Frontier assert that Plaintiffs' Complaint alleges only in general terms that the amount in controversy, exclusive of interest and costs, exceeds $10,-000 and fails to specify whether that is true with respect to the claim of each member of the alleged class.

■■■ Rule 12(e), Federal Rules of Civil Procedure, provides in part:

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading."

A Motion for More Definite Statement is to be granted only if the pleading is so vague that Defendant cannot reasonably be required to frame a responsive pleading. *Schaedler v. Reading Eagle Publication, Inc.*, 370 F.2d 795 (Third Cir. 1967); *Usery v. Teamsters Local 886*, 72 F.R.D. 581 (W.D. Okl.1976); *Kroungold v. Triester*, 407 F.Supp. 414 (E.D.Pa.1975); *Hodgson v. Or-*

son E. Coe Pontiac, Inc., 55 F.R.D. 133 (W.D.Mich.1971); *Oresman v. G.D. Searle & Co.*, 321 F.Supp. 449 (D.R.I.1971). If Plaintiff's claim in the Complaint is sufficiently definite to enable the Defendant to know what is charged, it is sufficiently definite to overcome a Rule 12(e) Motion as the Defendant is reasonably able to respond, knowing whether or not it did the things charged. *Usery v. Teamsters Local 886, supra; Dennis v. Begley Drug Co. of Tennessee, Inc.*, 53 F.R.D. 608 (E.D.Tenn.1971). In general, a Motion for More Definite Statement is not favored, and is rarely granted in view of the availability of the variety of pretrial discovery procedures. *Usery v. Teamsters Local 886, supra; Marine Leasing Services, Inc. v. S.&.W. Barge Lines, Inc.*, 42 F.R.D. 659 (N.D.Miss.1967); *United States v. Georgia Power Co.*, 301 F.Supp. 538 (N.D.Ga.1969); *Shore v. Cornell-Dubilier Electric Corp.*, 33 F.R.D. 5 (D.Mass.1963). The Motion may not be used as a substitute for the discovery and deposition procedures made available by the Federal Rules of Civil Procedure. *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126 (Fifth Cir. 1959); *Usery v. Teamsters Local 886, supra; Hodgson v. Orson E. Coe Pontiac, Inc., supra; Oresman v. G.D. Searle & Co., supra.*

In the instant case, the Complaint alleges that this Court has jurisdiction of this action pursuant to 15 U.S.C. §§ 77v and 78aa and the doctrine of pendent jurisdiction and that "[t]he amount in controversy, exclusive of interest and costs, exceeds $10,000."

■■■ 15 U.S.C. § 77v confers jurisdiction of any suit brought to enforce liabilities or duties created under the Securities Act of 1933, *supra*, upon federal district courts irrespective of the amount in controversy or citizenship of parties. *Deckert v. Independ-*

---

1. 15 U.S.C. § 77v(a) provides in part:

"The district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter . . concurrent with State and Territorial Courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter."

2. 15 U.S.C. § 78aa provides in part:

"The districts of the United States . . . shall have exclusive jurisdiction of violations of this chapter . . . and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter . . . ."

*ence Shares Corp.*, 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189 (1940); *Shapiro v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 495 F.2d 228 (Second Cir. 1974). Likewise, 15 U.S.C. § 78aa confers exclusive jurisdiction upon the federal district courts in suits charging violations of the Securities Exchange Act of 1934, *supra*, irrespective of the amount in controversy or citizenship of the parties. *Shapiro v. Merrill Lynch, Pierce, Fenner & Smith, supra; Sarratt v. Walker*, 405 F.Supp. 132 (D.S.C.1975). Accordingly, Plaintiffs' allegations in their Complaint concerning the amount in controversy in an action seeking recovery for violations of the Securities Acts, *supra*, would appear to be unnecessary. As Plaintiffs' Complaint plainly alleges causes of action against Defendants which seek to enforce liabilities created by the Securities Acts, *supra*, and the information said Defendants seek is of no importance for their Answers to the Complaint, the Court finds and concludes that the Complaint filed herein is sufficiently definite and certain to withstand Defendants' Motion for More Definite Statement and that said Motion should be overruled.

Defendants are directed to Answer the Complaint within 20 days of this date.