DECISION
The matter before the Court is Defendant Restivo Monacelli, LLP's (Restivo) Super. R. Civ. P. 12(b)(6) Motion to Dismiss, or in the alternative, Super. R. Civ. P. 12(e) Motion for More Definite Statement, as to Counts III, IV, and V of Plaintiff Rhode Island Resource Recovery Corporation's (RIRRC) Complaint. RIRRC's Complaint alleges: (1) professional malpractice (Count I); (2) breach of contract (Count II); (3) aiding and abetting breaches of fiduciary duty (Count III); (4) civil liability pursuant to G.L. 1956 § 9-1-2 for giving false documents to an agent, employee, or public official in violation of G.L. 1956 § 11-18-1 (Count IV); and (5) civil conspiracy (Count V).
 I Facts and Travel
RIRRC is a quasi-public corporation established by legislative enactment in 1974 to own and operate the Central Landfill in Johnston, Rhode Island (Central Landfill). See
Complaint ¶ 1. Restivo is a certified public accounting and business advising firm duly organized and existing under the laws of the State of Rhode Island. Id. ¶ 2.
On May 3, 2006, RIRRC issued an Invitation for Bids for Accounting and Auditing Services (IFB No. 741). Id. ¶ 5. Following a review of the bid submissions, Restivo was *Page 2 
awarded the contract and entered into a contractual agreement (Agreement) to provide accounting and audit services.Id. ¶¶ 6-7. Under the terms of the Agreement, Restivo was to provide services for the term of August 1, 2006 through June 30, 2009, inclusive of fiscal years 2006 and 2007, with an option for fiscal year 2008 at RIRRC's discretion.[1] Id. ¶ 7. The Agreement incorporated by reference various correspondence and documents exchanged throughout the procurement process, including the terms of IFB No. 741.Id.
According to RIRRC, Restivo: (1) audited the financial statements and prepared reports for the fiscal years ending June 30, 2006 and June 30, 2007; (2) conducted semiannual reviews and prepared reports for the six months ending December 31, 2006 and December 31, 2007; (3) audited financial statements and prepared reports in connection with RIRRC's Money Purchase Pension Plan for the years ending December 31, 2006 and December 31, 2007; and (4) provided advice, direction, and encouragement to RIRRC's Board of Commissioners and other RIRRC managers and employees with respect to all aspects of RIRRC's finances, internal control, fund and asset management, and business directions. Id. ¶ 9.
The instant matter follows a 2008-2009 investigation conducted by the Rhode Island Bureau of Audits (Bureau). Id. ¶ 16. On March 13, 2008, following a preliminary forty-five-day investigation, the Bureau released a Summary of Findings which revealed evidence of corruption, mismanagement, and other wrongdoing at RIRRC. Id. On September 22, 2009, the Bureau issued an audit report (Audit Report) further highlighting numerous violations, breaches, and wrongful acts that allegedly occurred at RIRRC during the relevant period.Id. ¶ 17. In light of the Bureau's findings, RIRRC alleges that Restivo breached its professional and contractual *Page 3 
duties by failing to: (1) report alleged inaccuracies or discrepancies in financial statements; (2) properly perform audits and other financial services in accordance with generally accepted auditing and/or accounting principles and standards; (3) provide a true portrayal of RIRRC's financial position during the relevant time periods; and (4) notify State authorities after becoming aware of the alleged inappropriate and unlawful acts highlighted in the Audit Report. Id. ¶ 18.
 II Standard of Review[2]
It is well settled in Rhode Island that the role of a Rule 12(e) motion is limited.[3] See 1 Robert B. Kent, et al.,Rhode Island Civil and AppellateProcedure § 12:15 (West 2006). However, in those instances where a court determines that a pleading is too vague and ambiguous, the court may, in its discretion, grant a motion for more definite statement under Rule 12(e). Id.; see alsoMitchell v. E-Z Way Towers, Inc.,269 F.2d 126, 130 (5th Cir. 1959) (explaining that unlike a motion to dismiss for failure to state a claim, a motion for more definite statement involves the exercise of the trial justice's sound and considered discretion); Hodgson *Page 4 v. Virginia Baptist Hosp., Inc.,482 F.2d 821, 824 (4th Cir. 1973) (emphasizing that the limited expansion of a complaint under Rule 12(e) is a matter left to the court's discretion). When determining a motion for more definite statement, a court must review the pleading to ensure it is drafted in a manner that allows a defendant to "understand the nature and extent of the charges against him and to enable him to prepare generally for trial." Buck v. Keenan,1 F.R.D. 558, 559 (D.R.I. 1941). A court should grant a motion for more definite statement when the complaint, as framed, denies the defendant the ability to properly respond. Oresman v. G.D.Searle Co., 321 F. Supp. 449, 458 (D.R.I. 1971) (citingSchadler v. Reading Eagle Publ'ns, Inc.,370 F.2d 795 (3d Cir. 1967)); Mitchell,269 F.2d at 130 (affirming that under Rule 12(e) a court must determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading). However, in those instances in which "a party wishes to secure more detailed information as to how the pleading party intends to prove his allegations[, a party] should not be permitted to utilize [Rule 12(e)] . . . but should be compelled to look to the procedures for discovery . . . which provide for obtaining such details."Id.; see also Town of HooksettSch. Dist. v. W.R. Grace Co.,617 F. Supp. 126, 135 (D.N.H. 1984) (acknowledging that while a Rule 12(e) motion is not to be used as a substitute for discovery in trial preparation, a court may grant the motion where a pleading is too general).
Furthermore, while motions for more definite statement are often disfavored by courts and granted sparingly, they are potentially useful in assisting a court in "`the cumbersome task of sifting through the myriad of claims, many of which may be foreclosed by various defenses,' in a complaint that is `overly prolix or complex.'" Guilbeault v. R.J. Reynolds Tobacco Co., No. 98-035L, 1998 WL 919117, at *2 (D.R.I. 1998) (quoting 2 James Wm. Moore, et al., Moore's FederalPractice ¶ 12.36[1] (3d ed. 1998)). For this reason, "courts will occasionally order a *Page 5 
more definite statement sua sponte, which they have the freedom to do." Id. (citing Anderson v. Board of Trs.,77 F.3d 364, 367 (11th Cir. 1996) (noting that a court may suasponte require a more definite statement)).
 III Discussion
In its Complaint, RIRRC alleges claims of professional malpractice (Count I), breach of contract (Count II), aiding and abetting breach of fiduciary duty (Count III), civil liability pursuant to § 9-1-2 for giving false documents to an agent, employee, or public official in violation of § 11-18-1 (Count IV), and civil conspiracy (Count V). In their motion, however, Restivo asserts that Counts III, IV, and V are too vague, ambiguous, and conclusory. Specifically, Restivo argues that it is unable to understand the nature and extent of the allegations, and cannot reasonably be expected to file a responsive pleading.
Generally, a complaint, as a precursor to discovery, need not state all the possible facts or legal theories to be proven at trial. Haley v. Town of Lincoln,611 A.2d 845, 848 (R.I. 1992). It does not necessarily follow, however, "that the drafter of a complaint has no responsibilities with respect to providing some degree of clarity as to what is alleged." Hyatt v. Village House Convalescent Home, Inc.,880 A.2d 821, 824 (R.I. 2005); see alsoArruda v. Sears, Roebuck Co.,273 B.R. 332, 339-40 (D.R.I. 2002). Indeed, at this early stage of a litigation, due process considerations are implicated; and for that reason, courts require that "`the complaint give the opposing party fair and adequate notice of the type of claim being asserted.'" Hyatt, 880 A.2d at 824 (quoting Butera v.Boucher, 798 A.2d 340, 353 (R.I. 2002)). Therefore, the Plaintiff cannot rely solely on "subjective characterizations or conclusory descriptions," and the Court need not *Page 6 
accept unsupported conclusions or interpretations of law.See Arruda, 273 B.R. at 340; see alsoWashington Legal Found. v. Massachusetts Bar Found.,993 F.2d 962, 971 (1st Cir. 1993).
Mindful of Rhode Island's liberal pleading standards, the Court nevertheless finds that Counts III, IV, and V are too general to reasonably expect Restivo to understand the nature and extent of the allegations against it. Indeed, in Count III, RIRRC alleges that Restivo aided and abetted RIRRC's commissioners and employees in breaching their fiduciary duties. However, RIRRC fails to specify for which breaches Restivo provided substantial assistance or encouragement. Instead, RIRRC generally refers to a summary of the Bureau's finding. See Complaint ¶ 17 ("RIRRC suffered from gross mismanagement, waste, conflicts of interest, questionable land deals, cronyism, suspected fraud, apparent bid-rigging, bogus workers' compensation claims, employee theft, and phony overtime scams."). Therefore, without more, the Court believes it would be unreasonable to expect Restivo to file a responsive pleading when it is unclear which breaches it aided and abetted.
Furthermore, in Count III, RIRRC alleges:
 "Restivo provided substantial assistance and encouragement in such breaches of fiduciary duty due, in part, to its provision of advice to and participation in business decisions of the Board of Commissioners and its failure to promptly identify and appropriately address such issues pursuant to the terms of the Agreement." Id. ¶ 35.
Plaintiff's bald allegation, however, fails to provide any factual support from which either Restivo or the Court could directly or inferentially surmise defendant's role in the alleged breaches. Although RIRRC attempts to fulfill its pleadings requirements by simply alleging that Restivo provided "advice, direction and encouragement to the Board of Commissioners," RIRRC cannot rely on such vague and conclusory assertions. Seeid. ¶ 9. Here, RIRRC's Complaint fails to allege or proffer any support for its assertion that Restivo either provided advice or *Page 7 
substantially assisted, encouraged, or participated in the breaches highlighted by the Audit Report and Complaint. While the Court, at this juncture, need not specifically pass upon whether RIRRC's allegations satisfy Rule 8 and 9's pleading requirements, these baseless and unsubstantiated allegations merely restate the elements of the claim and certainly do not provide Restivo with sufficient information or clarification to allow it to understand the full extent of the allegations or to properly respond.
The Court's judgment is particularly tempered, where, as here, many of the breaches Restivo is alleged to have assisted may be based in fraud.[4] See id. ¶¶ 17-18; seealso Powers v. Boston Cooper Corp.,926 F.2d 109, 111 (1st Cir. 1991). In light of the serious nature of claims sounding in fraud, the Court finds it particularly appropriate to require the Plaintiff to provide Restivo with a more definite statement. See W.R. Grace Co.,617 F. Supp. at 135 (citing Trussell v.United States Underwriters, Ltd.,228 F. Supp. 757, 774 (D.C. Col. 1964) (granting a motion for more definite statement where plaintiff's complaint alleged insufficient particulars or circumstances in connection with a fraud count)).
Although the Court recognizes that a plaintiff need not plead with detail every evidentiary matter, given the nature of this case, RIRRC's Complaint, at a minimum, must give fair notice to the Defendant and enable it to prepare a responsive pleading.See Women's Dev. Corp. v. City of Cent. Falls,764 A.2d 151, 161 (R.I. 2001) (quoting 1 Robert B. Kent, etal., Rhode Island Civil and AppellateProcedure § 9:2 (West 2006)); see alsoFeinstein v. Resolution Trust Corp.,942 F.2d 34, 43 (1st Cir. 1991). Correspondingly, RIRRC's reliance on the Audit *Page 8 
Report, appended to the Complaint, to remedy any vagueness or ambiguity is unavailing. The Audit Report neither mentions Restivo nor provides any evidence or additional information regarding Restivo's involvement in particular breaches, the advice provided to RIRRC employees or commissioners, or Restivo's participation in business decisions.
Furthermore, it is particularly clear to the Court, that where, as here, Count IV sounds in fraud, it should be pled with more specificity to enable the Defendant to fully understand what is alleged. See Women's Dev. Corp.,764 A.2d at 161-62 (explaining that the serious nature of claims grounded in fraud justifies a heightened pleading standard);see also Feldman v. Pioneer Petroleum, Inc.,76 F.R.D. 83, 84 (W.D. Okl. 1977) (stating that a motion for more definite statement is appropriate in those instances where a defendant is unable to reasonably respond because the claim is so indefinite that the defendant is unable to know whether or not it did the things charged). Indeed, RIRRC's Complaint does nothing more than restate the elements of the claim. Neither the Complaint nor the Audit Report (1) directs the Defendant or the Court to particular statements that were false, erroneous, or defective; or (2) explains how they were misleading. Simply stated, without providing Restivo with evidence of what it has said or done, Restivo has no indication of the extent of its liability, and cannot be reasonably expected to respond.
Similarly, in Count V, despite the severity of the allegations, RIRRC has failed to provide the Defendant with anything more than vague and conclusory allegations of a civil conspiracy. Even though highly factual and subjective questions of intent and purpose may be pled more generally because the proof is largely in the hands of the alleged conspirators, that caveat does not exempt a plaintiff from the requirement of pleading facts from which the existence of a conspiracy reasonably may be inferred. DM Research,Inc. v. College of Am. Pathologists, *Page 9 2 F. Supp 2d 226, 229 (D.R.I. 1998). Therefore, the Court is of the opinion that RIRRC's conclusory allegations of conspiracy or unlawful purpose fail to satisfy the requirement that sufficient supporting facts be pled. RIRRC has failed to provide the Defendant with any notice of facts indicating an agreement to conspire or specific actions "designedly" taken to cheat, mislead, or defraud; thus, under the circumstances, a more definite statement is warranted.
 IV Conclusion
After due consideration of all the arguments advanced by counsel at the hearing and in their memoranda, the Court finds that Counts III, IV, and V are too vague, ambiguous, and conclusory for Restivo to understand the nature and extent of the allegations against it; and therefore, it cannot reasonably be expected to file a responsive pleading. Consequently, the Court grants Restivo's Motion for a More Definite Statement as to these counts.
Prevailing counsel may present an order consistent herewith which shall be settled after due notice to counsel of record.
[1] At the end of fiscal year 2007, RIRRC declined to exercise its option to renew the Agreement, and consequently, Restivo's employment terminated on June 30, 2008. Id. ¶ 8.
[2] Where, as here, Rhode Island's Rule 12(e) is substantially similar to Rule 12(e) of the Federal Rules of Civil Procedure, the Court will look to the Federal Rules, and interpretations thereof, for guidance. See Crowe Countryside Realty Assocs., Co.,LLC v. Novare Eng'rs, Inc., 891 A.2d 838, 840 (R.I. 2006) (looking to federal court decisions for guidance as to how to interpret a Rhode Island Rule of Civil Procedure where the federal counterpart was "substantially similar"); Smith v. Johns-ManvilleCorp., 489 A.2d 336, 339 (R.I. 1985) (noting that where a federal rule and state rule of procedure are substantially similar, a court may look to federal courts for guidance or interpretation of state rule).
[3] Rule 12(e) of Super. R. Civ. P. reads in part:
 "Motion for More Definite Statement. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired."
[4] In addition to claims of fraud, courts have read Rule 9(b)'s particularity requirements to also cover claims where the heart of the allegation is grounded in fraud. See Hayduk v.Lanna, 775 F.2d 441, 443 (1st Cir. 1985) (explaining that while Rule 9(b) applies most clearly to claims of fraud, the First Circuit reads the rule to expansively cover associated claims where the core allegation effectively charges fraud). *Page 1