## The FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of the Somersworth Bank, Plaintiff,

### v.

## Gary H. REINER, Defendant

### Francis P. Daughan, Bonnie L. Reiner, Bagaduce Realty, Inc. and Internal Revenue Service, Parties-in-Interest.

### Civ. No. 92–270–P–C.

### United States District Court, D. Maine.

### Dec. 10, 1992.

See also 144 F.R.D. 597.

Edgar Catlin, Eaton Peabody, Bradfor & Veague, Brunswick, Me., for F.D.I.C.

Gary Reiner, pro se.

U. Charles Remmel, Kelly, Remmel & Zimmerman, Portland, Me., for Bagaduce Real.

Gerald Petrucelli, Petrucelli, Cox & Martin, Portland, Me., for Daughan.

David Collins, Asst. U.S. Atty., Portland, Me., for U.S.

## RESPONSE AND ORDER TO OBJECTION OF DEFENDANT REINER TO ORDER STRIKING MORE DEFINITE STATEMENT

GENE CARTER, Chief Judge.

Before the Court is Defendant Reiner's Objection to this Court's Order Striking the

---

**600**

Defendant's Response (Docket No. 31) to a Motion for More Definite Statement, filed prior to removal of the case to this Court. Counsel seeks clarification as to "what the Court means when it says that it [the More Definite Statement] is not in proper form." Objection of Defendant, at 2 (unnumbered). The Court refers counsel generally to 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1379, at 636–43.

■ This Court views the purpose of a More Definite Statement to be to provide additional, more particularized, *allegations* of fact to a pleading that has been found deficient in sufficient detail to reasonably permit a properly pleaded response thereto to be framed. This Court views it to be maximally effective for a More Definite Statement to completely redraw the prior pleading to provide the additional factual allegations required in the context of the allegations contained in the prior pleading. It serves no useful purpose, in the view of the Court, to have the pleaded claim for relief of a party set forth in two documents rather than in a single one. Worse still, a bifurcated pleading causes all who use or rely on the pleading, including the Court, to be beset with uncertainties and ambiguities as to how the provisions of the two documents are intended to mesh.

■ Accordingly, this Court requires, in the exercise of its discretion, that a More Definite Statement be drafted as a unitary pleading capable of standing alone as a complete statement of the allegations making up the claims attempted to be asserted in the prior pleading it is intended to supplement.

It is ORDERED that the period within which Defendant Reiner may file his More Definite Statement, in accordance with the foregoing clarification, herein is ENLARGED to December 31, 1992.