Lewis v. Textron Automotive          CV-96-185-SD   06/06/96 P
                UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEW HAMPSHIRE


Allan Lewis

     v.                                      Civil No. 96-185-SD

Textron Automotive Company;
James D. Houston[1]



                            O R D E R


     In this civil action, plaintiff Allan Lewis[2] asserts that

defendants violated the Worker Adjustment and Retraining

Notification Act of 1988 (WARN), Pub. L. No. 100-379, 102 Stat.

---

     [1]Plaintiff's hand-written, one-page complaint named Davidson
Rubber/Textron, Inc., and Denny Huston as the defendants in this
action.  Defendants' motion for more definite statement indicates
that the proper named defendants are Textron Automotive Company
and James D. Houston.  All future pleadings shall reflect this
clarification.

     [2]Lewis purportedly brings this lawsuit as a class action on
behalf of himself and others similarly situated.  Insofar as the
Federal Rules of Civil Procedure require the court to rule on
class certification issues as "soon as practicable after
commencement of an action brought as a class action," Rule
23(c)(1), Fed. R. Civ. P., and highlighting that it remains
plaintiff's burden to prove that the class certification
requirements have been met, see In re Bank of Boston Corp. Sec.
Litig., 762 F. Supp. 1525, 1530 (D. Mass. 1991) (citing Grace v.
Perception Tech. Corp., 128 F.R.D. 165, 167 (D. Mass. 1989)), the
court herewith orders plaintiff to submit a properly supported
motion for class certification, see Rule 23(a), Fed. R. Civ. P.
(identifying class certification requirements of numerosity,
commonality, typicality, and adequacy) within sixty (60) days of
the date of this order; i.e., August 5, 1996.

890 (codified at 29 U.S.C. § 2101, et seq. (Supp. 1996)).

Presently before the court are defendants' motion for more definite statement; defendant James D. Houston's motion to dismiss; plaintiff's "Motion for Punitive Damages for Unfair Labor Practices" (document 19); and plaintiff's "Motion for Three Times the Liquidated Damages Provided under the NH Consumers Protection Act" (document 20). Plaintiff has filed a response to the motion for more definite statement and an objection to Houston's motion to dismiss. Defendants' objections are not due until June 24, 1996.

## Background

From what can be gleaned from the pleadings before the court, the underlying facts are as follows. Plaintiff was employed by Davidson Rubber Company in the company's Dover, New Hampshire, facility. Apparently affected by certain lay-offs at the Dover location, plaintiff initiated this lawsuit against the company and James Houston, Vice President of Operations, for alleged violations of the WARN Act.

## Discussion

### 1. Defendants' Motion for More Definite Statement, document 6

Pursuant to Rule 12(e), Fed. R. Civ. P.,[3] defendants seek a more definite statement of plaintiff's allegations. Since "Rule 12(e) motions are designed to strike at unintelligibility, rather than at lack of detail in the complaint . . . a rule 12(e) motion properly is granted only when a party is unable to determine the issues he must meet." Cox v. Maine Maritime Academy, 122 F.R.D. 115, 116 (D. Me. 1988) (citations omitted); see also Delta Educ., Inc. v. Langlois, 719 F. Supp. 42, 50 (D.N.H. 1989) ("A more definite statement will be required only when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." (Quotation omitted.)).

Plaintiff's complaint invokes the provisions and protections

_____

[3]Rule 12(e) states,

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

3

of the WARN Act.  Such Act "provides protection to workers, their families and communities by requiring employers to provide notification 60 calendar days in advance of plant closings and mass layoffs. . . .  WARN also provides for notice to State dislocated worker units so that dislocated worker assistance can be promptly provided."  20 C.F.R. § 639.1(a) (1995).  "To constitute a WARN violation, an employer must have ordered a plant closing or mass layoff without providing each employee, either individually or through her representatives, with sixty-days advance notice."  Frymire v. Ampex Corp., 61 F.3d 757, 764 (10th Cir. 1995) (citing 29 U.S.C. § 2102), cert. dismissed sub nom., Ampex Corp. v. Frymire, ___ U.S. ___, 116 S. Ct. 1588 (1996).  For the purposes of the statute, a "mass layoff" "refers to a reduction in force which results in an employment loss at a single site of employment during any thirty-day period for fifty or more employees who comprise at least 33% of the total number of employees at that particular site."  Id. (citing 29 U.S.C. § 2101(a)(3)).

With due recognition of the Supreme Court's caution that pro se papers are to be held to a "less stringent standard," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), than those drafted by attorneys, e.g., Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) ("pro se pleadings are to be liberally

4

construed in favor of the pro se party"), it is likewise noted that the liberal pleading requirements established by the Federal Rules of Civil Procedure still require "that each general allegation be supported by a specific factual basis.  The pleadings are not sufficient where the plaintiff rests on 'subjective characterizations' to unsubstantiated conclusions," Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990) (quoting Dewey v. University of N.H., 694 F.2d 1, 3 (1st Cir. 1982), cert. denied, 461 U.S. 944 (1983)).

Having reviewed plaintiff's complaint, the court finds and rules that same is both ambiguous and legally "unintelligible". Accordingly, the court herewith grants defendants' motion for more definite statement and further orders plaintiff "to provide additional, more particularized, allegations of fact . . . to reasonably permit a properly pleaded response thereto to be framed."  FDIC v. Reiner, 144 F.R.D. 599, 600 (D. Me. 1992).

To accomplish same, the court further orders plaintiff to completely redraw the prior complaint, incorporating both the additional factual allegations pertinent to his WARN claim as well as such further claims as he may be inclined to raise, such as those for punitive damages (document 19) and violation of New Hampshire Revised Statutes Annotated 358-A:10 (document 20), the

state Consumer Protection Act.[4]  Such amended complaint shall be filed with the court by 4:30 p.m. on June 28, 1996.

2.  Houston's Motion to Dismiss, document 7

Defendant Houston seeks dismissal of plaintiff's WARN claim insofar as it seeks to impose individual liability.  To be sure, the provisions of the WARN Act define "employer" to mean a "business enterprise".  See 29 U.S.C. § 2101(a)(1).  Upon review of "the statute, regulations and legislative history," the court is of the view "that Congress . . . intended a 'business enterprise' to mean a corporate entity--i.e. corporation, limited partnership, or partnership--not an individual." Cruz v. Robert Abbey, Inc., 778 F. Supp. 605, 609 (E.D.N.Y. 1991) (citing Solberg v. Inline Corp., 740 F. Supp. 680, 685 (D. Minn. 1990)).

However, in light of the court's decision to grant the motion for more definite statement and allow plaintiff time to replead his complaint, which amended complaint may assert claims in addition to the WARN claim, the court herewith denies the motion to dismiss without prejudice to its reassertion subsequent

_____

    [4]In so ruling, the court herewith dismisses plaintiff's "motions" (documents 19, 20) without prejudice to their renewal, in substance, as further claims in the amended complaint.  The court pauses to note, however, that punitive damages are not available to actions brought pursuant to the WARN Act.  See Finnan v. L.F. Rothschild & Co., 726 F. Supp. 460, 465 (S.D.N.Y. 1989).

6

to plaintiff's filing of the amended complaint.

Conclusion

For the reasons set forth herein, the court has denied defendant Houston's motion to dismiss (document 7), plaintiff's motion for punitive damages (document 19), and plaintiff's motion for treble damages (document 20), all without prejudice to later refiling.  The court has further granted defendants' motion for more definite statement (document 6), with plaintiff to replead the complaint by 4:30 p.m. on Friday, June 28, 1996.  Plaintiff is additionally ordered to file his motion for class certification with the court by August 5, 1996.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

June 6, 1996

cc:  Allan Lewis, pro se
     John T. Alexander, Esq.
     Don A. Banta, Esq.