**Patricia M. COX, Plaintiff,**

v.

**MAINE MARITIME ACADEMY, et al., Defendants.**

**Civ. No. 87–0377–B.**

United States District Court, D. Maine.

Oct. 12, 1988.

Michael Popkin, Jed Davis, Augusta, Me., for plaintiff.

Sarah A. Thornston, Portland, Me., for defendant Proulx.

## ORDER ON MOTION FOR MORE DEFINITE STATEMENT

CYR, Chief Judge.

Plaintiff alleges that between August 1983 and September 1986 the named teachers and Midshipmen of the Maine Maritime Academy (MMA) sexually abused her on numerous occasions in violation of her civil rights. She also charges the teachers and Midshipmen with intentional infliction of emotional distress, battery, invasion of privacy, false imprisonment, and with various state criminal law violations.[1] She alleges that the officers and administrators of MMA knew or should have known of the teachers' and Midshipmen's conduct, but failed to prevent or stop it, thereby violating her civil rights and their duty of reasonable care.

Midshipman Proulx has filed a motion for a more definite statement of all allegations against him, the nature of plaintiff's bodily injury and a description of particular time periods, locations, incidents and participants.

Civil Rule 12(e) provides, in pertinent part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

Fed.R.Civ.P. 12(e).

■ Civil Rule 12(e) motions are not favored by the courts in light of the availability of pretrial discovery procedures. *Innovative Digital Equipment Inc. v. Quantum Technology*, 597 F.Supp. 983, 988 (N.D.Oh.1984); *Usery v. Local 886, International Brotherhood of Teamsters*, 72 F.R.D. 581, 582 (W.D.Okla.1976); *United States v. Metro Development Corp.*, 61 F.R.D. 83, 87 (N.D.Ga.1973); *Shore v. Cornell–Dubilier Electric Corp.*, 33 F.R.D. 5, 7 (D.Mass.1963). Rule 12(e) motions are designed to strike at unintelligibility, rather than at lack of detail in the complaint. *Woods v. Reno Commodities, Inc.*, 600 F.Supp. 574 (D.Nev.1984). Therefore, a rule 12(e) motion properly is granted only when a party is unable to determine the issues he must meet. *Innovative Digital Equipment*, 597 F.Supp. at 989; *Usery*, 72 F.R.D. at 582.

Paragraph 14 of the complaint sets forth the nature of the activities that the plaintiff claims constitute sexual abuse.[2] The complaint does indicate the general time period involved, but it does not allege any *particular* incident or conduct in which defendant Proulx engaged. Defendant Proulx' ability to respond to the complaint is "measured in light of the minimal requirements for a responsive pleading imposed" by Federal Rule of Civil Procedure 8(b). *Metro Development Corp.*, 61 F.R.D.

---

1. Plaintiff charges violations of the following provisions of the Maine criminal statutes: Gross Sexual Misconduct, 17–A M.R.S.A. § 253; Sexual Abuse of Minors, 17–A M.R.S.A. § 254; Endangering the Welfare of a Child, 17–A M.R.S.A. § 554; Aggravated Promotion and Promotion of Prostitution, 17–A M.R.S.A. § 852, 853; and Patronizing Prostitution of a Minor, 17–A M.R.S.A. § 855.

2. These acts of sexual abuse included, but not by way of limitation, performing sexual intercourse and oral sex with Plaintiff, prostituting her, giving and accepting consideration for her sexual favors, organizing group sexual activities and submitting her to group sex, viewing and photographing her during these activities, administering drugs to her and exchanging drugs in return for sex ("Sexual Abuse").

at 87. That the other defendants were able to file responsive pleadings is "some evidence" that a response is possible. *Juneau Square Corp. v. First Wisconsin National Bank,* 60 F.R.D. 46, 48 (E.D.Wis. 1973).

■ Civil Rule 8(b) provides that the defendant shall

> state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial.

Fed.R.Civ.P. 8(b). The fact that the complaint does not identify in which specific incidents defendant Proulx is alleged to have been involved does not *necessarily* entitle Proulx to a more definite statement. *Cf. Scarbrough v. R–Way Furniture Co.,* 105 F.R.D. 90, 92 (E.D.Wis.1985) (Defendant who was named only in caption of complaint, not entitled to more definite statement.) Paragraph 14, though skeletal, is pleaded so as reasonably to allow defendant Proulx to respond, knowing whether or not he was involved in any or none of the incidents there charged.[3] *Usery,* 72 F.R.D. at 582. Under federal notice pleading no greater detail seems to be required, and the parties must be left to other pretrial devices to expedite and simplify the proceedings. *See, e.g.,* Fed.R.Civ. P. 26–37.

The motion for a more definite statement is DENIED. Defendant shall answer the complaint in accordance with Federal Rule of Civil Procedure 12(a)(1).

SO ORDERED.

---

**3.** *Park Electric Co. v. International Brotherhood of Electrical Workers,* 540 F.Supp. 779 (N.D.Ill. 1982), the only case cited by defendant Proulx, is distinguishable. There the complaint contained a bare allegation of conspiracy, naming only the defendant. Here the *nature* of the types of wrongdoing is alleged, as are the persons (i.e. the other defendants) with whom defendant Proulx is alleged to have been involved.