RESOLUTION TRUST CORPORATION,
Plaintiff,

v.

Leonard A. THOMAS, Robert J. Beranek, Gregory J. Bird, Oliver S. Brown, Steve T. Cauble, L.J. Heinemann, Michael D. Riney, Frank J. Schwartz, Robert Wells, Phyliss L. Windle, Ridgely W. Potter, and Neubauer, Sharp, McQueen, Dreiling and Morain, P.A., Defendants.

Civ. A. No. 92–2084–GTV.

United States District Court,
D. Kansas.

Oct. 15, 1993.

Terri L. Bezek, Lawrence D. Greenbaum, Charles A. Getto, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, David A. Vorbeck, Carolyn A. Arthur, Resolution Trust Corp., Overland Park, KS, for plaintiff.

Leonard A. Thomas, pro se.

Stephen M. Joseph, Fleeson, Gooing, Coulson & Kitch, Wichita, KS, Stanley E. Antrim, Yoxall, Antrim & Yoxall, Liberal, KS, Steve A. Leben, Judge, Overland Park, KS, N. Jack Brown, Boddington & Brown, Chtd., Kansas City, KS, J. Douglas Miller, Law Offices of J. Douglas Miller, Liberal, KS, Heather Suzanne Woodson, Stinson, Mag & Fizzell, Overland Park, KS, John C. Aisenbrey, William D. Beil, Stinson, Mag & Fizzell, Charles W. German, Rouse, Hendricks, German, May & Shank, Kansas City, MO, N. Larry Bork, Gerald L. Goodell, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, Stephen L. Thompson, Smith, Greenleaf & Brooks, Liberal, KS, James E. Kelley, Jr., Lewis, Rice & Fingersh, Kansas City, MO, Kenneth J. Reilly, McDowell, Rice & Smith, P.C., Overland Park, KS, for defendants.

Michael D. Riney, pro se.

Ridgely W. Potter, pro se.

### MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case comes before the court on the following motions:

Defendant Potter's Motion to Dismiss or for More Definite Statement (Doc. 12);

Defendants Wells, Riney & Heinemann's Motion to Dismiss (Doc. 42); and

Defendants Wells and Heinemann's Motion to Dismiss (Doc. 144).

All motions have been responded to by the opposing parties. For the reasons set out in

this memorandum and order, the motions are denied.

This case concerns claims asserted by the Resolution Trust Corporation (RTC), as receiver of Colonial Savings and Loan Association of America, against former officers, directors, and attorneys of Colonial. The complaint seeks monetary damages against all defendants for breach of fiduciary duty, negligence, and violations of federal statutes, rules and regulations.

## I. Defendant Potter's Motion to Dismiss or for More Definite Statement

Defendant Potter has moved to dismiss plaintiff's claims against him for failure to satisfy the pleading requirements of Fed.R.Civ.P. 8(a)(2), and for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Specifically, defendant Potter contends that the complaint in this action does not contain a short and plain statement of the claim showing that the pleader is entitled to relief, and that Count III of the complaint does not state any legal claim within the authority of the RTC under 12 U.S.C. § 1821(k).

The court concludes, upon review of the complaint and authorities cited by the parties, that plaintiff's complaint does comport with the pleading requirements of Fed.R.Civ.P. 8(a)(2). As stated by the Court of Appeals for the Tenth Circuit,

> The purpose of "fact pleading," as provided by Fed.R.Civ.P. 8(a)(2), is to give the defendant fair notice of the claims against him without requiring the plaintiff to have every legal theory or fact developed in detail before the complaint is filed and the parties have opportunity for discovery.

*Evans v. McDonalds Corp.*, 936 F.2d 1087, 1091 (10th Cir.1991) (citing Wright & Miller, §§ 1215, 1219, at 136–47, 188–94).

■ Here, plaintiff has set out its legal theories, specified the years each named defendant worked at the savings and loan, indicated the general nature of the alleged wrongs or negligent acts committed by the defendants, and listed the specific loans which plaintiff claims were wrongfully or negligently made by defendants. Defendant Potter contends that the complaint is defi-

cient because it fails to specify any negligent or wrongful acts committed specifically by him, or any specific involvement by him in the loans at issue. The court concludes that such factual specificity is not required by Fed.R.Civ.P. 8(a)(2). *See Mountain View Pharmacy v. Abbott Laboratories*, 630 F.2d 1383 (10th Cir.1980) (factual pleading only required insofar as necessary to place defendant on notice as to type of claim alleged and grounds upon which it rests, thus enabling defendant to prepare responsive pleading).

■ As to defendant Potter's argument that Count III of the complaint fails to state a claim upon which relief can be granted, the court concluded that the argument is without merit. Defendant Potter argues that Count III, which is titled "Violation of Federal Statutes, Rules and Regulations," does not state a claim upon which relief can be granted because the RTC is without authority under 12 U.S.C. § 1821(k) to pursue this "federal" cause of action. Further, defendant Potter contends that the RTC has failed to identify any federal statute, rule, or regulations authorizing it to bring such a claims.

The court concludes that defendant Potter has misinterpreted the nature of the cause of action set forth in Count III. As the court reads it, Count III sets forth a cause of action for negligence *per se* or gross negligence, apparently predicated upon violations of federal statutes, rules, or regulations. The court concludes Count III does state a claim upon which relief can be granted, and that it comports with the pleading requirements of Fed.R.Civ.P. 8(a)(2).

■ Further, the court concludes that defendant Potter is not entitled to a more definite statement under Fed.R.Civ.P. 12(e). Rule 12(e) motions are generally not favored by the courts. *Cox v. Maine Maritime Academy*, 122 F.R.D. 115 (D.Me.1988). Rule 12(e) motions are properly granted only when a party is unable to determine the issues he must respond to. *Id.* at 116. Here, the court concludes that the complaint is not so vague or ambiguous that defendant Potter cannot reasonably be required to respond. In addition, all of the discovery tool provided by Fed.R.Civ.P. 26–37 are available to him. In fact, other defendants in this

action have filed responsive pleadings. For the foregoing reasons, defendant Potter's motion is denied.

## II. Defendants Wells, Riney and Heinemann's Motion to Dismiss

Defendants Wells, Riney and Heinemann argue in their motion to dismiss that the claims brought against them are barred by the two-year Kansas statute of limitations for tort actions, K.S.A. 60–513(a)(4). Because matters outside the pleadings are presented to the court in defendants' motion and plaintiff's response, the motion shall be treated as one for summary judgment. Fed.R.Civ.P. 12(b).

### A. Summary Judgment Standards

In deciding a motion for summary judgment, the court must examine any evidence tending to show triable issues in the light most favorable to the nonmoving party. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). A moving party is entitled to summary judgment only if the evidence indicates "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine factual issue is one that "can reasonably be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing" that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). Once the

moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

### B. Factual Background

The pertinent uncontroverted facts established by the parties in accordance with D.Kan.Rule 206(c) are as follows: [1]

Plaintiff RTC is currently the appointed receiver of Colonial. Defendants Wells, Riney and Heinemann served as directors of Colonial from at least 1981 until April, 1986. The claims against these defendants are based upon their activities as directors in connection with various loans made and approved by Colonial. In April, 1986, these defendants, in addition to director Terry Rush who is not named as a defendant in this action, resigned their directorships at Colonial. The board of directors was composed of seven or eight members at the time Wells, Riney, and Heinemann resigned.[2]

Four new directors were elected on or about the date that Wells, Heinemann, Riney, and Rush resigned. They were: Robert Beranek, Gregory Bird, Frank Schwartz, and Phyliss Windle. The parties dispute the actual dates when the new directors were elected. Plaintiff contends that Beranek was actually elected prior to the resignation of Wells, Riney, and Heinemann, and that Windle was elected several months afterward. Further, Beranek had connections with Colonial as an Executive Vice President prior to his becoming a member of the board of directors.

1. The court notes that in its initial brief in opposition to defendants' motion plaintiff RTC failed to comply with D.Kan.Rule 206(c) regarding controverted facts in that it did not list any citations to the record in its statement of controverted facts. However, the RTC has since been granted leave to file a supplemental brief in opposition to the motion to which it has attached supporting documentation. In light of the court's constru-

ing defendants' motion as one for summary judgment, the court concludes that the supplemental documentation is sufficient to show that certain facts in this case are controverted.

2. The number of members on the board of directors at the time Wells, Heinemann, and Riney resigned is expressly controverted by the parties.

Leonard Thomas was the sole shareholder in Colonial from October, 1984, until the institution was placed in conservatorship on March 2, 1989. He served as chairman of the board of directors until November, 1988.

On March 2, 1989, the Federal Home Loan Bank Board appointed the Federal Savings and Loan Insurance Corporation as conservator of Colonial. The RTC is the successor to the FSLIC and has succeeded to ownership of assets of the FSLIC, including the claims asserted in this case. On September 22, 1989, Colonial was closed and the Office of Thrift Supervision appointed the RTC as receiver of Colonial to replace the RTC as conservator. This lawsuit was filed on February 27, 1992.

### C. Discussion

■ These defendants contend that because they resigned from the board of directors of Colonial in April, 1986, and this suit was not filed until February, 1992, all claims against them are barred by the expiration of the Kansas two-year statute of limitations for tort claims. K.S.A. 60–513(a)(4). Plaintiff argues that the statute of limitations was tolled by the doctrine known as "adverse domination" and that the claims are therefore timely.

■ Following the approach taken in *Federal Deposit Ins. Corp. v. Hudson*, 673 F.Supp. 1039, 1041 (D.Kan.1987), this court will apply a two-step analysis to determine if the RTC's tort claims in this case were filed in a timely manner. *Accord, Federal Deposit Ins. Corp. v. Oakes*, No. 89–2261–S, 1989 WL 151954 (D.Kan. Nov. 3, 1989); *Federal Deposit Ins. Corp. v. Howse*, 736 F.Supp. 1437 (S.D.Tex.1990). First, the court must determine whether the causes of action against the defendants were time-barred under the applicable Kansas statute of limitations at the time the RTC acquired them. This step is necessary because it is well-established under *Guaranty Trust Co. v. United States*, 304 U.S. 126, 142, 58 S.Ct. 785, 793, 82 L.Ed. 1224 (1938), that a claim which has expired under state law cannot be revived by its transfer to a federal agency. Second, if the claims were viable under state law at the time of transfer, the court must determine if

the federal limitations period expired between the time of transfer and the filing of the lawsuit. *Hudson*, 673 F.Supp. at 1041. The federal statute of limitations for tort claims, set forth in 28 U.S.C. § 2415(b), is three years and begins to run on the date of receivership.

In the present case, the second prong of the *Hudson* test is not in dispute. It is uncontroverted that the RTC filed its claims against defendants in time to meet the three-year FIRREA statute of limitations. Thus, the question here is simply whether the state statute of limitations applicable to the claims against defendants Wells, Riney and Heinemann had expired before Colonial was placed in conservatorship on March 2, 1989.

■ The doctrine of adverse domination will apply to toll a statute of limitations "as long as a bank is dominated by the same wrongdoers against whom a cause of action exists." *Federal Deposit Ins. Corp. v. Ashley*, 754 F.Supp. 179, 183 (D.Kan.1990) (quoting *Federal Deposit Ins. Corp. v. Hudson*, 673 F.Supp. 1039, 1042 (D.Kan.1987)). The premise behind the doctrine of adverse domination is that culpable wrongdoers cannot be expected to bring suit against themselves on behalf of the institution. *Id.* This doctrine is part of the federal common law of the Tenth Circuit. *Farmers & Merchants Nat'l Bank v. Bryan*, 902 F.2d 1520, 1523 (10th Cir.1990).

Here, defendants claim that because they, along with former director Terry Rush, constituted a majority of the seven member board of directors at Colonial which resigned in April of 1986, the doctrine of adverse domination should not act to toll the statute of limitations after that date. In response, plaintiff argues that the doctrine of adverse domination should apply to toll the statute of limitations until the FSLIC became conservator because (1) there were eight members of the board of directors, and thus a majority of the board did not resign in April, 1986; (2) at least two of the new members of the Colonial board of directors were also culpable insiders; and (3) the board of directors at Colonial was under the control of sole share-

holder Leonard Thomas until the institution was placed in conservatorship.

The court concludes that there are genuine issues of material fact as to the control and management of the bank after April, 1986, which preclude summary judgment on the statute of limitations issue. First, genuine issues of fact exist as to the number of members on the Colonial board of directors at the time Wells, Riney, and Heinemann resigned, as well as the number of new directors who were elected at that time. Defendants contend that there were seven members when they resigned, while plaintiff asserts that the board was composed of eight members. Plaintiff's assertion is supported by minutes from the February 1986, board of directors' meeting. Additionally, a genuine issue of fact exists concerning whether two, three, or four new directors were elected at the time Wells, Riney, and Heinemann left the board. The court cannot say as a matter of law that a new majority was elected in April, 1986.

Further, the court also notes that there are issues of fact as to the culpability of the new directors who replaced defendants Wells, Riney and Heinemann, as well as Terry Rush. It is uncontroverted that at least Robert Beranek had previously been an officer of Colonial. All four of the new directors are charged in this action. An issue of fact also exists as to the amount of control exerted by sole shareholder and board chairman Leonard Thomas.

■ Finally, although defendants have seized upon the statement in *Resolution Trust Corp. v. Interstate Federal Corp.,* 762 F.Supp. 905, 909 (D.Kan.1991), that the theory of adverse domination only "operates to toll the limitations period when a controlling majority of the board of directors are culpable and, because of their numerical domination, prevent the corporations from pursuing its rights," it appears to this court that the operation of the doctrine may not be conditioned solely upon numerical control of a board of directors by wrongdoers. In *Farmers & Merchants Nat'l Bank,* the Tenth Circuit did not describe the operation of the doctrine so narrowly. 902 F.2d at 1523. The court stated that the doctrine is inher-

ently fact-specific and that in order for the statute of limitations to be tolled under it, "directors or officers charged [must] be in 'full, complete and exclusive control' of the corporation." *Id.* (citing *International Rys. v. United Fruit Co.,* 373 F.2d 408, 414 (2d Cir.), *cert. denied,* 387 U.S. 921, 87 S.Ct. 2031, 18 L.Ed.2d 975 (1967)).

■ The court went on to note that it would be plaintiff's burden to "effectively negate the possibility that an informed director could have induced the corporation to sue" or prove that "an informed director, though capable of suing, would not do so." *Id.* Other courts have stated that control is presumed where culpable directors constitute a majority of the board. *See e.g., Federal Savings & Loan Ins. Corp. v. Williams,* 599 F.Supp. 1184, 1195 (D.Md.1984). This court is persuaded that control sufficient to warrant the tolling of the statute of limitations may occur where culpable directors constitute less than a majority of a board of directors—particularly in a case like this where one director was the sole shareholder of the institution.

■ As the Court of Appeals for the Tenth Circuit stated in *Farmers & Merchants Nat'l Bank v. Bryan,* 902 F.2d at 1523, the inquiry into whether the doctrine of adverse domination applies to toll a statute of limitations is inherently fact-specific. The court concludes the statute of limitations issue should be decided by the trier of fact. It will be plaintiff's burden to prove at trial that culpable directors were in full, complete and exclusive control of the savings institution so as to warrant the equitable tolling of the statute of limitations. Defendants' motion is denied.

Because the arguments presented in Defendants Wells and Heinemann's second Motion to Dismiss (Doc. 144) are virtually identical to those in their prior motion to dismiss, that motion is also denied for the reasons set forth in the foregoing paragraphs.

IT IS, THEREFORE, BY THE COURT ORDERED that Defendant Potter's Motion to Dismiss or for More Definite Statement (Doc. 12) is denied.

IT IS FURTHER ORDERED that Defendants Wells, Riney, and Heinemann's Motion to Dismiss (Doc. 42) is denied.

IT IS FURTHER ORDERED that Defendants Wells and Heinemann's Motion to Dismiss (Doc. 144) is denied.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**