**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to lst Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 01-1547

CAROLYN E. O'CONNOR,

Plaintiff, Appellant,

v.

NORTHSHORE INTERNATIONAL INSURANCE SERVICES,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

---

Before

Boudin, Chief Judge,
Torruella and Lipez, Circuit Judges.

---

Carolyn E. O'Connor on brief pro se.
Mary P. Harrington, Kathleen M. O'Hagan and Ronan, Segal &
Harrington on brief for appellee.

---

April 11, 2003

---

**Per Curiam**. This court previously affirmed the lower court's judgment dismissing the instant employment discrimination suit pursuant to Fed. R. Civ. P. 12(b)(6). After this court affirmed, appellant Carolyn E. O'Connor ("O'Connor") filed a timely petition for a writ of certiorari with the United States Supreme Court. On June 17, 2002, the Supreme Court issued a summary order granting O'Connor's petition and remanding the matter to this court for further review in light of that Court's recent decision in Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). Accordingly, we directed the parties to submit supplemental briefing on the issue of whether Swierkiewicz required a different result here. The parties have briefed the issue, and the matter is now ready for decision.

After a thorough review of the submissions, the record and the Supreme Court's decision in Swierkiewicz, we again affirm the district court's dismissal of the Complaint. Swierkiewicz held that a Complaint in an employment discrimination lawsuit need not set out the elements of a prima facie case as spelled out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), in order to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). This court did not hold O'Connor's Complaint to that heightened pleading standard when it affirmed the dismissal of her lawsuit. Rather, this court concluded that the Complaint failed to state a valid claim for

-2-

religious discrimination because it did not allege that she was fired for a reason prohibited by Title VII, i.e., that she was fired because of her religion. Indeed, the Complaint seems to admit that no one with decision-making authority had any knowledge of O'Connor's religious affiliation. The fact that one who lacked authority to fire her may have -- unbeknownst to management -- harbored animosity toward her because of her religion is insufficient to state a claim that she was fired in violation of Title VII. See Shorette v. Rite Aid of Maine, Inc., 155 F.3d 8, 13 (1st Cir. 1998) (motivations or remarks of those who lack hiring and firing authority over the plaintiff cannot form the basis for an employment discrimination claim absent a hostile work environment claim); see also Weston-Smith v. Cooley Dickinson Hosp., Inc., 282 F.3d 60, 64 (1st Cir. 2002) (post-Swierkiewicz; approving rule from Shorette). Thus, O'Connor's Complaint failed to satisfy the requirement of Fed. R. Civ. P. 8 and of Swierkiewicz that it include "a short and plain statement of the claim showing that the pleader is entitled to relief." For this reason, it was properly dismissed.

Likewise, nothing in Swierkiewicz alters this court's conclusion that to the extent O'Connor attempted to state a claim that she was subjected to a hostile work environment, her claim was legally insufficient. See O'Rourke v. City of Providence, 235 F.3d 713, 728 (1st Cir. 2001). Finally, it

-3-

remains true that her age and sex discrimination claims were properly dismissed for failure to include them in her administrative charge.  See 29 U.S.C. § 636(d); 42 U.S.C. § 2000e-5(f); Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996).

The judgment of the lower court is affirmed. Appellant's motion to go forward with discovery is denied. Appellant's motion for reimbursement of filing fee is denied, as not properly directed to this court.