**Bonnie HAGHKERDAR, Plaintiff,**

v.

**HUSSON COLLEGE, Defendant.**

**Civ. No. 04–101–B–W.**

United States District Court,
D. Maine.

Jan. 20, 2005.

David G. Webbert, Johnson & Webbert, LLP, Augusta, ME, for Plaintiff.

Anne–Marie L. Storey, John W. McCarthy, Rudman & Winchell, Bangor, ME, for Defendant.

### ORDER DENYING DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT

WOODCOCK, District Judge.

The Plaintiff, Bonnie Haghkerdar, alleges the Defendant, Husson College, discharged and otherwise discriminated against her concerning compensation, terms, conditions, and privileges of employment on the basis of age and in retaliation of her complaint of sex discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621–34, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, Title IX of the Educational Amendment Act of 1972, 20 U.S.C. § 1681 *et seq.*, and the Maine Human Rights Act, 5 M.R.S.A. §§ 4551–4634. The Plaintiff also alleges that the Defendant violated and interfered with her rights under the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654, and the state Family Medical Leave Act, 26 M.R.S.A. § 843 *et. seq.* The Complaint commingles all these claims in one count.

The Defendant has filed a Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e), charging that the Plaintiff's Complaint does not comply with Federal Rule of Civil Procedure 10(b) in that it fails to delineate the Plaintiff's claims into separate counts. Noting each statutory claim has different defenses, statutes of limitations, and burdens of proof, the Defendant argues the Complaint necessitates distinct counts. The Defendant further contends it is unable to respond appropriately due to the failure of the Complaint to clarify which facts support which claim.

A motion for more definite statement is granted only "[i]f a pleading to which

a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). Rule 12(e) motions are not favored "in light of the availability of pretrial discovery procedures." *Cox v. Maine Mar. Acad.*, 122 F.R.D. 115, 116 (D.Me.1988). The "Federal Rules employ the concept of notice pleading, and, for this reason, motions for a more definite statement are not favored." *Delta Educ., Inc. v. Langlois*, 719 F.Supp. 42, 50 (D.N.H. 1989) (citation omitted). The "motion is granted sparingly since it is not to be used as a substitute for discovery in trial preparation ... but is to be used only when a pleading is too general." *Town of Hooksett Sch. Dist. v. W.R. Grace & Co.*, 617 F.Supp. 126, 135 (D.N.H.1984). Rule 12(e) motions are designed to "strike at unintelligibility, rather than at lack of detail in the complaint." *Cox*, 122 F.R.D. at 116. Accordingly, a Rule 12(e) motion properly is granted "only when a party is unable to determine the issues he must meet." *Id.*

■ Federal Rules of Civil Procedure 8(e)(2) and 10(b) explain the requirements for pleading alternative theories and separate claims.[1] Rule 8(e)(2) provides that a "party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses." Fed.R.Civ.P. 8(e)(2). Rule 10(b) provides:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Fed.R.Civ.P. 10(b). In 2002, the United States Supreme Court explained that Rule 8(a)(2)'s "simplified notice pleading standard

relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *see also Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61 (1st Cir.2004); *O'Connor v. Northshore Int'l Ins. Servs.*, 61 Fed.Appx. 722 (1st Cir.2003), *cert. denied*, 540 U.S. 903, 124 S.Ct. 257, 157 L.Ed.2d 186 (2003).

■ Here, the Complaint adequately places the Defendant on notice of what the Plaintiff claims it did wrong and allows the Defendant to frame a responsive pleading. The Plaintiff's factual allegations are detailed and specific, and with the possible exception of the FMLA claims, each claim relates to the same developing occurrence—the series of events leading up to her eventual employment termination. In these circumstances, the Plaintiff's claims need not be set forth in separate counts, and with the aid of liberal discovery rules and dispositive motion practice, the Defendant may further delineate and hone the facts underlying each theory.

Because the Plaintiff's Complaint has complied with the pleading requirements of the Federal Rules, Defendant's Motion for a More Definite Statement is DENIED.

---

1. In 2002, the United States Supreme Court clarified there is no "heightened pleading standard" for employment discrimination cases. *Swierkiew-* *icz v. Sorema N.A.*, 534 U.S. 506, 511–13, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).