Danna **RODRIGUEZ DIAZ**, Plaintiff

v.

**BIG K–MART**, Defendant.

**Civil No. 08–1520 (JAG).**

United States District Court,
D. Puerto Rico.

Oct. 9, 2008.

---

**48.** The figure is rounded to the nearest dollar.

Enrique J. Mendoza–Mendez, Mendoza Law Office, San Juan, PR, for Plaintiff.

Luis F. Antonetti–Zequeira, Maritza I. Gomez–Fernandez, Goldman, Antonetti & Cordova, P.S.C., San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Big K-Mart's Motion to Dismiss. (Docket No. 12). For the reasons set forth below, Big K–Mart's Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 15, 2006, Danna Rodriguez Diaz ("Rodriguez") suffered a stroke. As a result of the stroke, her blood pressure was severely affected and she lost capacity to use her extremities (arms and legs).

Rodriguez alleges that the irreversible damage caused by the stroke substantially limits her in several of her major life activities which include, but are not limited to working, standing, lifting, pulling, walking, sleeping, using stairs, sitting, reaching, throwing, squatting, bending, carrying, and running. According to Rodriguez, her limitations are substantial when compared to the average person because she performs these activities with a lot of pain when the average person does them without pain. Furthermore, Rodriguez contends that it takes her longer to complete these activities than the average person. Rodriguez also alleges that sometimes she cannot perform these activities at all, either because of the pain she experiences or because of the excessive time it takes her to complete them.

Rodriguez avers that, Big K–Mart, her employer at that time, discriminated and retaliated against her because of her impairments and medical conditions. Furthermore, Rodriguez contends that Big K–Mart denied reasonable accommodation for her condition, retaliated against her for having availed herself of her rights under federal and Puerto Rico law, and, finally, wrongfully terminated her on November 11, 2006.

On May 5, 2008, after exhausting administrative remedies and obtaining a right-to-sue letter from the Equal Employment and Opportunity Commission ("EEOC"), Rodriguez timely filed the present discrimination complaint against Big K-Mart. Rodriguez filed her complaint pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and 28 U.S.C. §§ 1331, 1343, 2201, and 2202. (Docket No. 1). Rodriguez also includes supplemental state law claims for violations of Puerto Rico's Act No. 44 of July 2, 1985, P.R. Laws Ann.

tit. 1 § 501, *et. seq.*, (better known as Puerto Rico's disability discrimination statute); for wrongful termination under Puerto Rico Act No. 80 of May 30, 1976, P.R. Laws Ann. tit. 29, § 185a, *et seq.*; and for damages under Puerto Rico's general negligence statutes, Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5141 and 5142. On July 23, 2008, Big K–Mart moved to dismiss Rodriguez' complaint pursuant to Fed. R.Civ.P. 12(b)(6). (Docket No. 12). On July 31, 2008, Rodriguez filed an opposition to the Motion to Dismiss. (Docket No. 15).

Big K–Mart moves for dismissal on the grounds that Rodriguez failed to establish that she was substantially limited in any major life activity under the ADA. First, Big K–Mart alleges that the complaint relies on major life activities that are not recognized as such under the ADA. Alternatively, Big K–Mart contends that Rodriguez' allegations make vague assertions that fail to establish that she is substantially limited in any major life activity under the ADA.

## STANDARD OF REVIEW

### I.  *Motion to Dismiss*

Fed.R.Civ.P. 12(b)(6) provides that a complaint will be dismissed if the pleadings in it fail "to state a claim upon which relief can be granted." To survive dismissal for failure to state a claim, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1967, 167 L.Ed.2d 929 (2007). While *Twombly* does not require heightened fact pleading of specifics, it does require the complaint to state enough facts to "nudge [plaintiff's] claims across the line from conceivable to plausible." *Id.* at 1974. Therefore, to pre-

clude dismissal pursuant to Fed.R.Civ.P. 12(b)(6), the complaint must rest on factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965.

At the motion to dismiss stage, the court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See, Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The court need not credit complaints supported only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). Therefore, plaintiffs bear the burden of stating "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

## DISCUSSION

### I.  *The American with Disabilities Act*

The ADA is a civil rights statute enacted "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(2). The ADA prohibits a "covered entity"[1] from discriminating against a "qualified individual with a disability" because of his or her disability, in regards to job application procedures, hiring, advancement, discharge, compensation, training, and other terms, conditions and privileges of employment. 42 U.S.C. § 12112(a). In addition, the term "discriminate" includes when a "covered entity" does not make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability," unless such ac-

---

**1.** A "covered entity" is defined as "an employer, employment agency, labor organiza-

tion or joint labor-management committee." 42 U.S.C. § 12111(2).

commodations "would impose an undue hardship on the operation of the business." *Id.* § 12112(b)(5)(A).

In order to state a claim under the ADA the plaintiff must adequately allege that she suffers from a disability. "The term "disability" means, with respect to an individual—(A) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Although the ADA does not further define the terms "physical or mental impairment", "substantially limits", and "major life activities" the EEOC regulation offers guidance. The EEOC defines "physical or mental impairment" as:

(1) Any physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin, and endocrine; or

(2) Any mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities.

29 CFR § 1630.2(h)

The term "substantially limits" means,

(i) Unable to perform a major life activity that the average person in the general population can perform; or

(ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under

which the average person in the general population can perform that same major life activity.

29 CFR § 1630.2(j)(1)

In turn, the EEOC defines the term "major life activities" as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). The use of "such as" denotes that this list is exemplary and not exhaustive.[2] *Bragdon v. Abbott,* 524 U.S. 624, 639, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998). The Supreme Court further defined the term "major life activities" as referring "to those activities that are of central importance to daily life." *Toyota Motor Mfg., Ky. v. Williams,* 534 U.S. 184, 197, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002).

II. *Pleading Requirements in a Discrimination Complaint*

▇▇▇ In *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), the Supreme Court unanimously decided that imposing a heightened pleading standard in employment discrimination cases conflicts with Fed.R.Civ.P. 8(a)(2). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the plain statement is to "give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 512, 122 S.Ct. 992. (citing *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Furthermore, *Swierkiewicz* clarified that in a discrimination complaint, plaintiff need not establish the elements of a prima facie case under the *McDonnell Douglas* standard in order to survive a motion to dismiss.[3] *Id.* at 511, 122 S.Ct.

---

**2.** For example, interpretative guidance to the EEOC regulations notes that, "other major life activities include, but are not limited to, sitting, standing, lifting, and reaching." *See,* EEOC Compliance Manual § 902.3(b)

(02/02/2000), available at http://www.eeoc.gov/policy/docs/902cm.html.

**3.** Under the *McDonnell Douglas* standard the employee has the burden of proving by pre-

992. "The prima facie case under *McDonnell Douglas* ... is an evidentiary standard, not a pleading requirement." *Id.* at 510, 122 S.Ct. 992. "Specific pleading requirements are mandated by the Federal Rules of Civil Procedure, and not, as a general rule, through case-by-case determinations of the federal courts." *Jones v. Bock*, 549 U.S. 199, 213, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (citing *Hill v. McDonough*, 547 U.S. 573, 582, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006)). Therefore, although *Swierkiewicz* did not impose a heightened pleading standard to discrimination claims, plaintiffs are still obliged to plead enough facts to state a cause of action.

### III. *Major Life Activities*

██ Big K–Mart argues that Rodriguez' complaint should be dismissed because running and using stairs are not major life activities. Assuming without deciding, that running and using stairs are not major life activities, this Court finds that these allegations alone are not sufficient grounds to dismiss Rodriguez' complaint. Big K–Mart's allegations would be grounds for dismissal if Rodriguez relied exclusively on these two activities to support her ADA claim. However, this is not the case. Rodriguez also alleges in her complaint that her disability has substantially limited her as to activities that are considered major life activities under EEOC regulation and case law (i.e. working,[4] standing, lifting, walking, sitting, and reaching). *See*, 29 CFR § 1630.2(i); EEOC Compliance Manual § 902.3(b). As such, without deciding if running or using stairs are major life activities under the ADA, Big K–Mart's argument fails.

Big K–Mart also argues that Rodriguez did not establish that she was substantially limited in the major life activity of working because she did not allege which types of jobs she is unable to perform due to her disability. The EEOC regulation defines the term "substantially limits" in regards to the major life activity of working as:

"significantly restricted in the ability to perform either **a class of jobs or a broad range of jobs** in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 CFR § 1630.2(j)(3). (emphasis added)

Consistent with this definition the Supreme Court decided in *Sutton* that when plaintiffs claim that their major life activity of working has been substantially limited, it is required at "a minimum, that plaintiffs allege they are unable to work in a broad class of jobs." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). After reviewing the amended complaint this Court notes that Rodriguez did not allege that she is substantially limited to work in a broad class of jobs. The complaint's only allegation in regards to working as a major life activity states that as a result of Rodriguez' post-stroke conditions she is substantially limited in the major life activity of working. (Docket No. 14 ¶ 8). In light of the specific pleading requirement established in *Sutton*, this Court concludes that

---

ponderance of the evidence a prima facie case of discrimination. Once the evidentiary standard is met, the burden then shifts to the employer to articulate a legitimate nondiscriminatory reason to justify the alleged adverse action against the employee. *McDon-*

*nell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

**4.** In *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 492, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999), the Supreme Court assumed without deciding that working is a major life activity.

Rodriguez failed to adequately allege that her disability substantially limits her in the major life activity of working. As such, Rodriguez' allegation that her disability substantially limits her in the major life activity of working will be dismissed.

## IV. *Lack of Specificity and Vagueness*

Big K–Mart finally argues that Rodriguez' complaint should be dismissed because she failed to establish that she is substantially limited in the major life activities of lifting, walking, standing, pulling, sleeping, sitting, reaching, throwing, squatting, bending, and carrying. As for lifting, Big K–Mart specifically contends that although it has been recognized as a major life activity under the ADA, more than a general lifting restriction needs to be established to demonstrate that an individual is substantially limited in this major life activity. Since Rodriguez did not specify in her complaint a specific lifting restriction Big K–Mart contends her claim is one of a "general lifting restriction". As for the remaining major life activities mentioned above, Big K–Mart contends that Rodriguez' allegations are vague and do not provide enough information to establish that she is substantially limited by her alleged disability when performing these activities.

This Court believes it would be premature to dismiss Rodriguez' complaint based on Big K–Mart's argument of lack of specificity and vagueness in the pleadings. As discussed above, Fed.R.Civ.P. 8(a)(2) establishes a minimum threshold in the pleadings and requires the short and plain statements (pleadings) to include enough factual allegations to give defendant fair notice of the nature of the claim and the grounds on which it rests. *Conley,* 355 U.S. at 47, 78 S.Ct. 99. *See also, Twombly,* 127 S.Ct. at 1966 ("the threshold requirement of Rule 8(a)(2)"). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations.... Factual allegations must be enough to raise a right to relief above the speculative level". *Twombly,* 127 S.Ct at 1964.

This Court finds that Rodriguez' amended complaint sufficiently alleges the material elements of a disability discrimination complaint. Rodriguez alleges that she suffered a stroke that rendered her disabled. Rodriguez also alleges that her post-stroke impairments substantially limit her in several specific major life activities. *See, Davila Rivera v. Caribbean Refrescos Inc.,* 332 F.Supp.2d 435, 447 (D.P.R.2004) (to qualify as an individual warranting protection under the ADA, a plaintiff is required to allege which major life activities are substantially affected by his or her disability). Moreover, Rodriguez alleges that the limitations suffered by her disability are substantial because of the pain she experiences while performing them and the long time it takes her to complete them when compared to the average person. This allegation is consistent with the statutory definition of "substantially limiting". *See,* 29 CFR § 1630.2(j)(1). Finally, Rodriguez clearly alleges that because of her impairments and medical conditions, Big K–Mart denied her request for reasonable accommodations, retaliated against her, and wrongfully terminated her. *See, O'Connor v. Northshore Int'l Ins. Servs.,* 61 Fed. Appx. 722, 724 (1st Cir.2003)(complaint was dismissed because plaintiff failed to allege that she was fired for a reason prohibited by Title VII.) In the amended complaint Rodriguez adequately stated the nexus between her disability and the alleged adverse employment actions Big K–Mart took against her. Therefore, this Court concludes that Rodriguez' amended complaint sets forth sufficient factual allegations to survive a motion to dismiss. As such, Big K–Mart's motion to dismiss will be granted in part and denied in part.

**154**

## CONCLUSION

For the reasons stated above and after reviewing the record in the light most favorable to the party opposing the motion to dismiss, this Court **GRANTS** in part and **DENIES** in part Big K–Mart's Motion to Dismiss. (Docket No. 12). The claim that Rodriguez is substantially limited in the major life activity of working will be **DISMISSED.**

IT IS SO ORDERED.