STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-18-142

MARILYN LALUMIERE and
MARIE KOERICK,

Plaintiffs

v.

SEA VIEW HOMEOWNERS
ASSOCIATION,

Defendant

ORDER ON DEFENDANT'S
MOTION TO DISMISS

REC'D CUMB CLERKS OF
DEC 21 '18 AM8:07

Before the court is defendant's motion to dismiss. For the following reasons, the motion is denied as to counts I-VI and granted partially and denied partially as to counts VII and VIII. Defendant's motion for a more definitive statement is denied.

Standard

When ruling on a motion to dismiss for failure to state a claim pursuant to M.R. Civ. P. 12(b)(6), the court views the "facts alleged in the complaint as if they were admitted." Nadeau v. Frydrych, 2014 ME 154, ¶ 5, 108 A.3d 1254 (per curiam) (quotation marks omitted). A complaint need only set forth the "elements of a cause of action or allege[] facts that would entitle the plaintiff to relief pursuant to some legal theory." Id. Facts are read in the light most favorable to the plaintiff. Id.

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." M.R. Civ. P. 8(a). "Notice pleadings requirements are forgiving; the plaintiff need only give fair notice of the cause of action by providing a short and plain statement of the claim showing that the pleader is entitled to relief." Desjardins v. Reynolds, 2017 ME 99, ¶ 17, 162 A.3d 228 (quotation marks omitted).

1

<u>Counts I-IV: Prescriptive Easements</u>

In order to prevail on a motion to dismiss, plaintiffs must allege in their prescriptive easement claim continuous use for at least 20 years, a claim of right adverse to the owner, and the use was with the knowledge and acquiescence of the owner or was "a use so open, notorious, visible, and uninterrupted that knowledge and acquiescence will be presumed." <u>Dowley v. Morency</u>, 1999 ME 137, ¶ 23, 737 A.2d 1061 (quoting <u>Shadan v. Town of Skowhegan</u>, 1997 ME 187, ¶ 6, 700 A.2d 245); <u>see also</u> 14 M.R.S. § 812 (2016) ("No person . . . shall acquire a right-of-way or other easement through, in, upon or over the land of another by the adverse use and enjoyment thereof, unless it is continued uninterruptedly for 20 years.").

Plaintiffs allege that they and their predecessors in interest have used the property and the lower parking lot continuously for 20 years, that they have used the property adverse to the owner, and that they did so with the knowledge and acquiescence of the owner of the property or with a use such that knowledge and acquiescence will be presumed. (Pls.' Compl. ¶¶ 4, 19-20, 22, 24-25, 27), Plaintiffs allege sufficient facts to support their prescriptive easement claims.

<u>Count V: Declaratory Judgment</u>

Pursuant to the Paper Streets Act:

> From the date of recording of a subdivision plan in the registry of deeds, the public acquires rights of incipient dedication to public use of the ways laid out on the plan. If a proposed way laid out in the plan is not accepted by the municipality within 20 years from the date of recording of the plan, the public rights in that way terminate.

23 M.R.S. 3031(1) (2016). Plaintiffs allege that the defendant's most recent subdivision plan depicting Ravine Road was submitted in 2005. (Pls.' Compl. ¶ 32.) Plaintiffs further allege that the town of Falmouth has not acted in respect to Ravine Road. (Pls.' Compl. ¶ 33.) Defendant argues that Ravine Road is a private way due to its depiction on the Underwood Plan and the lack

2

of construction or use as a way. See Fournier v. Elliot, 2009 ME 25, ¶ 15, 966 A.2d 410 ("[T]he term 'proposed, unaccepted way' is indicative of the status of a subdivision road as it pertains to its potential adoption by a municipality, not as it pertains to its physical construction.").

Count VI: Quiet Title

Plaintiffs' claim for quiet title is brought pursuant to 23 M.R.S. § 3033 (2016) and 14 M.R.S. § 6651 (2016). (Pls.' Compl. ¶¶ 35-39.) A party claiming ownership of a vacated way must post a notice claiming ownership with the registry of deeds where the way is located and give notice to current owners of lots on the subdivision plan on which the vacated way is located. 23 M.R.S. § 3033(1). Once notice has been given, a claimant who disputes the first party's claim must record a statement with the registry of deeds within one year of the original notice specifying the claimed interest and commence an action in equity within 180 days of filing his statement. Id. § 3033(2). In the following quiet title proceeding, the court may find in favor of the claimant only if "the claimant has acquired an interest in the way" pursuant to a quiet title theory, and "a deprivation of the claimant's rights will unreasonably limit access from his or her land to a public way, a public body of water, or common land or a common facility within the subdivision." Glidden v. Belden, 684 A.2d 1306, 1315 (Me. 1996). In order to bring a claim under 14 M.R.S. § 6651, plaintiffs must allege "uninterrupted, i.e. continuous and exclusive, possession for the four years preceding the commencement of the action." Levis v. Konitzky, 2016 ME 167, ¶ 24, 151 A.3d 20.

Plaintiffs allege their title is traced to the Underwood Plan and acquired a right to use the ways in the subdivision. (Pls.' Compl. ¶¶ 12, 16.) Plaintiffs allege they acquired title to Glenn Road, which surrounds Ravine Road. (Pls.' Compl. ¶¶ 1-2, 4.) Plaintiffs allege that they have maintained continuous and exclusive use of the property for more than twenty years. (Pls.' Compl.

3

¶ 22.) Additionally, plaintiffs allege that access to Ravine Way is necessary for them to access their properties from the public way. (Pls.' Compl. ¶ 39.)

With regard to counts V and VI, the parties rely on two plans and other documents for their arguments. Defendant states that the court may consider the documents on this motion to dismiss. See Moody v. State Liquor & Lottery Comm'n, 2004 ME 20, ¶ 11, 843 A.2d 43. Although defendant is correct, the court declines to consider the documents and decide these issues without the procedural benefits that accompany a motion for summary judgment. See M.R. Civ. P. 56(e) & (h).[1]

Count VII: Promissory Estoppel

The Law Court relies on the definition of promissory estoppel set out in the Restatement (Second) of Contracts:

> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promise or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

Harvey v. Dow, 2008 ME 192, ¶ 11, 962 A.2d 322. Plaintiffs allege that the subdivision developer, the defendant's successor in interest, knew that plaintiffs used Ravine Road for parking. (Pls.' Compl. ¶ 7, 43.) Plaintiffs allege the developer told plaintiffs that their use of Ravine Road would not be interrupted by the subdivision development plan. (Pls.' Compl. ¶¶ 8-9, 41.) Finally, plaintiffs allege that as a result of this promise the plaintiffs refrained from opposing the development plan. (Pls.' Compl. ¶ 41.)

Defendant argues, among other things, that plaintiff Koerick could not have relied on the alleged representation in 2005 because she did not own the property when the representation was

---

[1] Plaintiff also relies on plaintiffs' deeds, which have not been provided. (Pls.' Opp'n to Def.'s Mot. Dismiss 5.)

4

allegedly made. (Pls.' Compl. ¶¶ 2, 7-8.) Plaintiff did not address this argument. Plaintiff Lalumiere alleges sufficient facts to maintain a claim of promissory estoppel against the defendant.

Count VIII: Injunctive Relief

In their complaint, plaintiffs seek to enforce the Falmouth Shoreland Zoning Ordinance (SZO) against the defendant. (Pls.' Compl. ¶¶ 47-49.) Plaintiffs cannot enforce municipal zoning ordinances. See 30-A M.R.S. § 4452(4) (2018) ("All proceedings arising under locally administered laws and ordinances shall be brought in the name of the municipality."). While it may be possible that the SZO allows for a private nuisance action, see Falmouth, Me., Code § 19-167 (2018), plaintiffs did not allege sufficient facts to support a nuisance claim. See Charlton v. Town of Oxford, 2001 ME 104, ¶ 27, 774 A.2d 366 (stating that a party bringing a common or public nuisance action must show some special and peculiar damage).

Plaintiffs further allege that there is a covenant forbidding the defendant from removing trees from the defendant's property designated as a conservation area, plaintiffs' property adjoins the conservation area, and the covenant was violated by the defendant. (Pls.' Compl. ¶ 45-49.) Plaintiffs allege sufficient facts to support their claim for enforcement of the conservation covenant on defendant's property.

Plaintiffs lack standing to bring a claim to enforce a local zoning ordinance against the defendant. Plaintiffs' claim to enforce the conservation covenant survives the motion to dismiss.

Motion for a More Definitive Statement

Defendant's move for a more definitive statement pursuant to M.R. Civ. P. 12(e). Motions for a more definitive statement are appropriate when a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." M.R. Civ. P. 12(e). Motions for a more definitive statement are "not favored by the courts in light of the availability of pretrial

5

discovery procedures." Cox v. Maine Maritime Academy, 122 F.R.D. 115, 116 (D. Me. 1988). Rule 12(e) motions are "designed to strike at unintelligibility, rather than at lack of detail in the complaint." Id. Rule 12(e) motions should be granted "only when a party is unable to determine the issues he must meet." Id.

In its motion, defendant's does not claim that plaintiff's complaint is vague or ambiguous. Rather defendant seeks individualized factual allegations that outline each plaintiff's claims for prescriptive easements because the plaintiffs own separate property and their use of the property may be different. (Def.'s Mot. Dismiss 19-20.) This lack of detail does not require the granting a motion for a more definitive statement in light of available pretrial discovery. Cox, 122 F.R.D. at 116. Defendant is able to determine the issues raised in counts I through IV. Id.

The entry is

> Defendant's Motion to Dismiss Counts I–VI of Plaintiffs' Complaint is DENIED.
>
> Defendant's Motion to Dismiss Count VII is GRANTED as to Plaintiff Koerick and DENIED as to Plaintiff Lalumiere.
>
> Defendant's Motion to Dismiss Count VIII of Plaintiff's Complaint is GRANTED as follows: Plaintiffs' action to enforce the Falmouth Shoreland Zoning Ordinance in Count VIII of Plaintiffs' Complaint is DISMISSED. Defendant's Motion to Dismiss Plaintiffs' action to enforce the conservation covenant in Count VIII of Plaintiffs' Complaint is DENIED.
>
> Defendant's Motion for a More Definite Statement is DENIED.

Date:   December 20, 2018

Nancy Mills
Justice, Superior Court

6