STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-21-83

BRIAN HOGAN,

Plaintiff

v.

NORTHEAST EMERGENCY
APPARATUS, LLC,

Defendant

OCT 21 '21 PM4:15
ANDRO SUPERIOR COURT

ORDER ON DEFENDANT'S MOTION
TO DISMISS

The matter before the court is defendant Northeast Emergency Apparatus, LLC's ("Northeast"), motion to dismiss plaintiff Brian Hogan's complaint for insufficiency of process pursuant to M.R. Civ. P. 12(b)(4). In the alternative, Northeast requests that the court quash the summons and requests a more definite statement of the claim pursuant to M.R. Civ. P. 12(e).

M.R. Civ. P. 12(b)(4) allows a party to challenge the content of the process if it is defective. *See* 3 Harvey & Merritt, *Maine Civil Practice* § 12:10 at 416 (3d, 2015-2016 ed. 2015). Process is defective if it fails to satisfy the requirements of M.R. Civ. P. 4. *Id.* Northeast claims that the summons it received is deficient in multiple respects. First, Northeast objects that the summons does not contain Northeast's full name, Northeast Emergency Apparatus, LLC. Second, Northeast objects that the summons does not contain the name of this court. Third, Northeast objects that the summons does not include address or contact information for Mr. Hogan. Finally, Northeast objects that the summons does not contain the mailing address for the court.

Northeast is correct that all of these failures to comply with Rule 4 make Mr. Hogan's service deficient. However, "[w]hen the defect is easily corrected, the order should be to quash

1

the process or service and not dismiss the action." *Id.* All of the defects Northeast named are highly technical and have clearly not prejudiced them in any way. The court will follow Harvey's suggestion and quash the summons and will direct Mr. Hogan to serve a summons that complies with M.R. Civ. P. 4.

As for Mr. Hogan's complaint, Northeast argues that Mr. Hogan must amend his complaint to provide a more definite statement pursuant to M.R. Civ. P. 12(e). Mr. Hogan submitted an objection to Northeast's motion to dismiss, docketed August 23, 2021. Mr. Hogan sent another submission to the court, docketed September 13, 2021, titled "request for a hearing." Mr. Hogan then sent a letter addressed to the court on September 16, 2021, apparently intended as another filing, where he makes additional objections to Northeast's motion to dismiss. Mr. Hogan sent another letter addressed to the court docketed September 23, 2021.

Before addressing Northeast's motion, the court will address Mr. Hogan's filings. With the exception of his original objection to Northeast's motion to dismiss, Mr. Hogan's letters are not proper filings under the Maine Rules of Civil Procedure. *See* M.R. Civ. P. 7. The court cautions Mr. Hogan that directly mailing letters to the court are not proper motions under the Maine Rules of Civil Procedure and will not be considered by this court. To the extent that Mr. Hogan's request for a hearing is intended to be a motion of some kind, it is DENIED, as there is no basis for it in the rules.

A motion for a more definite statement is only available under narrow circumstances. "The motion is available only in the limited situation where the defendant (or other party required to make a responsive pleading) cannot reasonably be required to frame his answer to a pleading because of its vagueness or ambiguity." 3 Harvey & Merritt, *Maine Civil Practice* §

2

12:16 at 433 (3d, 2015-2016 ed. 2015); *see also Haghkerdar v. Husson College*, 226 F.R.D. 12, 14 (D. Me. 2005). The party making the motion must "point out the defects complained of and the details desired." M.R. Civ. P. 12(e).

Northeast points to two kinds of defects. First, Northeast points to certain technical defects; the fact that Mr. Hogan's complaint is not in numbered paragraphs and is handwritten, sometimes in a manner that is difficult to read. Second, Northeast argues that the relationship between the factual allegations and requested relief is confusing and argues that it "should not be left to guess at Plaintiff's claim for relief." Mr. Hogan's handwriting can be difficult to read, but the court disagrees that it is so messy as to be unintelligible. Northeast is correct that M.R. Civ. P. 10(b) requires claims and defenses to be split into numbered paragraphs, but the court cannot find on the basis of a lack of numbered paragraphs that the complaint is unintelligible. As for the confusion around Mr. Hogan's legal claims, Northeast seems to be arguing less that Mr. Hogan's complaint is unintelligible and more that it has failed to state a valid claim, which falls under Rule 12(b)(6), not 12(e).

For the aforementioned reasons, the motion to dismiss will be DENIED. The motion for a more definite statement of claims is also DENIED. The motion to quash the summons is GRANTED. As Mr. Hogan has expressed an interest in supplementing his claims with more allegations, the court will interpret those filings collectively as a motion to amend, which is GRANTED. The court hereby ORDERS:

1.) Mr. Hogan shall submit ONE final amended version of his complaint within 21 days of this order. The amended complaint shall consist of numbered paragraphs which give Northeast "fair notice of the cause of action, by providing a short and plain statement of the claim showing that the pleader is entitled to relief." *Burns v. Architectural Doors & Windows*, 2011 ME 61, ¶ 16, 19 A.3d 823 (quotations and citations omitted). Mr. Hogan should include whatever factual allegations which he believes entitle him to relief from Northeast.

2.) Mr. Hogan shall serve process on Northeast Emergency Apparatus, LLC, this time taking care that the summons complies with M.R. Civ. P. 4. In particular, Mr. Hogan should be sure to include the full name of the defendant, Northeast Emergency Apparatus, LLC; the name of this court, the Androscoggin County Superior Court; address or contact information for Mr. Hogan; and the mailing address for the court, 2 Turner Street, Auburn, Maine 04210.

Date: October 21, 2021

Harold Stewart, II
Justice, Superior Court

4